451 So.2d 232 (1984)
In re Inquiry Concerning Judge William ANDERSON.
No. 55346.
Supreme Court of Mississippi.
June 6, 1984.
Luther T. Brantley, III, Jackson, for Mississippi Commission on Judicial Performance.
No brief filed for William Anderson.
Before ROY NOBLE LEE, P.J., and BOWLING and SULLIVAN, JJ.
ROY NOBLE LEE, Presiding Justice, for the Court:
The Mississippi Commission on Judicial Performance filed a formal complaint against Justice Court Judge William Anderson, on November 14, 1983, being No. 83-132 on the Commission's docket, charging him with misconduct which constitutes a violation of Section 177A, Mississippi Const. 1890, as amended.[1]
*233 After a hearing before the Commission, at which the respondent declined to appear, the Commission found from clear and convincing evidence that respondent violated Section 177A of the Constitution in the following respects:
(1) That he knowingly perjured himself in that he testified on the first complaint hearing he had never issued a garnishment during his tenue as justice court judge; that no one had ever filed a written suggestion of garnishment in his court; that $7.00 court costs were paid in only the three instances mentioned in Anderson No. 82-044 and in Anderson, footnoted infra; that the proof showed on the hearing sub judice that on August 3, 1982, approximately eight months prior to respondent's said testimony, Franklin Credit & Collections of Tupelo filed a written suggestion of garnishment with respondent and paid $7.00 court costs; that Judge Anderson failed to issue the garnishment although Franklin contacted him several times and discussed the garnishment with him.
(2) That in No. 82-044, [In re Anderson, 477 So.2d 1275 (Miss. 1984)], respondent stipulated to the Commission that in all future cases, upon receipt of a written suggestion of garnishment and $7.00 court costs, he would issue garnishments in strict accordance with the law; that on May 6, 1983, Franklin Credit & Collections filed a written suggestion of garnishment and deposited $7.00 court costs, in its civil action against Jack and Linda Nanney, but respondent did not issue the garnishment; that on May 27, 1983, Franklin Credit & Collections filed another written suggestion of garnishment and deposited $7.00 court costs with respondent, requesting issuance of a writ of garnishment in its civil action and that respondent did not issue the garnishment; and that the record does not reflect respondent refunded the $7.00 court costs in any case.
(3) That, at the hearing No. 82-044, Anderson, supra, Anderson told the Commission that he had $21.00 belonging to Gulf Finance, Booneville, Mississippi, in his justice court account as costs for garnishments he had never issued; that he would return the sums immediately upon the request of Gulf Finance; that on May 10, 1983, Gulf Finance requested return of said costs by certified letter, return receipt requested, and that, again, on July 27, 1983, Gulf Finance requested return of said costs by certified letter, return receipt requested, and in neither instance did the respondent refund the costs.
The Commission found that the respondent violated Section 177A of the Constitution in all those respects and recommended that he be removed from office and fined $2,000.
The evidence is uncontradicted in the record. Under Rule 8(A), the failure of a judge to answer or appear, will be taken as evidence of the facts alleged in the formal complaint, and the Commission so found. We consider parts of the several Canons of Ethics insofar as they relate to the charges against respondent. Canon 2, paragraph (A) contains the following language:
CANON 2
A Judge Should Avoid Impropriety and the Appearance of Impropriety in All His Activities
A. A judge should respect and comply with the law and should conduct himself at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary.
* * * * * *
CANON 3
A Judge Should Perform the Duties of His Office Impartially and Diligently
* * * * * *
A. Adjudicative Responsibilities.
(1) A judge should be faithful to the law and maintain professional competence in it. He should be unswayed by partisan interests, public clamor, or fear of criticism.
* * * * * *
(5) A judge should dispose promptly of the business of the court.
B. Administrative Responsibilities.
(1) A judge should diligently discharge his administrative responsibilities, maintain professional competence in *234 judicial administration, and facilitate the performance of the administrative responsibilities of other judges and court officials.
This Court adopted the reasoning, in In Re Lloyd W. Anderson, 412 So.2d 743 (Miss. 1982), from the North Carolina Supreme Court in the case of In Re Nowell, 293 N.C. 235, 237, S.E.2d 246, 255 (1977), and quoted as follows:

Willful misconduct in office is the improper or wrongful use of the power of his office by a judge acting intentionally, or with gross unconcern for his conduct and generally in bad faith. It involves more than an error of judgment or a mere lack of diligence. Necessarily, the term would encompass conduct involving moral turpitude, dishonesty, or corruption, and also any knowing misuse of the office, whatever the motive. However, these elements are not necessary to a finding of bad faith. A specific intent to use the powers of the judicial office to accomplish a purpose which the judge knew or should have known was beyond the legitimate exercise of his authority constitutes bad faith....
Willful misconduct in office of necessity is conduct prejudicial to the administration of justice that brings the judicial office into disrepute. However, a judge may also, through negligence or ignorance not amounting to bad faith, behave in a manner prejudicial to the administration of justice so as to bring the judicial office into disrepute. .. . [412 So.2d at 745].
In Re Lloyd W. Anderson, supra, further states:
The power to impose sanctions is delegated solely to this Court; it therefore follows we have an obligation to conduct an independent inquiry of the record in order to make our final determination of the appropriate action to be taken in each case. In so doing, we will accord careful consideration to the findings of fact and recommendations of the Commission, or its committee, which has had the opportunity to observe the demeanor of the witnesses. [412 So.2d at 746].
From our careful consideration of the finding of fact and recommendations of the Commission, the failure of the respondent to answer, deny or defend the charges, and our independent inquiry of the record, we are convinced that respondent's action in those matters, which his testimony went to on the former hearing, the failure to remedy his practice in regard to the issuance of garnishments, and the failure or refusal to refund garnishment costs, which had been deposited with him by party litigants, were sufficient to bring disrepute to the judicial office and warrant sanctions against respondent. While the conduct of respondent, in our opinion, amounted to willful misconduct in office prejudicial to the administration of justice, bringing the judicial office into disrepute, we recognize as quoted in In Re Anderson, supra, that a judge may also, through negligence or ignorance, not amounting to bad faith, behave in a manner prejudicial to the administration of justice so as to bring the judicial office into disrepute. The result is the same regardless of whether bad faith or negligence and ignorance are involved and warrants sanctions.
Therefore, the recommendation of the Commission that William Anderson be removed from office as Justice Court Judge of District 5, Prentiss County, Mississippi, is accepted and his removal is so ordered and directed upon the filing of this opinion.[2] However, we reduce the recommended fine and impose a fine in the sum of five hundred dollars ($500) and payment of all costs.
PATTERSON, C.J., WALKER, P.J., and BOWLING, HAWKINS, DAN M. LEE, PRATHER and SULLIVAN, JJ., concur.
ROBERTSON, J., not participating.
NOTES
[1] Previously another complaint was filed against Judge William Anderson, which was related to the background of the new complaint filed in the cause sub judice. A fine was recommended by the Commission but that fine was not imposed by this Court and only the costs were ordered paid. In Re Anderson, 447 So.2d 1275 (Miss. 1984).
[2] Even though Justice Court Judge William Anderson may not now be in public office, this opinion and order effectively disqualify him from offering for a judicial public office again, and the question is not moot.