735 So.2d 385 (1999)
MISSISSIPPI COMMISSION ON JUDICIAL PERFORMANCE
v.
Jerry JONES.
No. 1998-JP-01808-SCT.
Supreme Court of Mississippi.
April 15, 1999.
Luther T. Brantley, III, Irene Mikell Buckley, Jackson, Attorneys for Appellant.
William Liston, Attorney for Appellee.
EN BANC.
*386 SMITH, Justice, for the Court:
¶ 1. On September 30, 1997, the Mississippi Commission on Judicial Performance filed a formal complaint charging Judge Jerry Jones, Justice Court Judge, District One, Webster County, Mississippi, with judicial misconduct. The allegations of misconduct arise from the improprieties involving alcohol-related cases pending before the court during 1997. The Commission found that Judge Jones violated Section 177A of the Mississippi Constitution of 1890 as amended, and the judicial canons because of his wilful misconduct in reducing DUI charges in violation of the statutes.
¶ 2. We agree with the Commission. Judge Jones' wilful conduct in reducing DUI charges amounts to a violation of Section 177A of the Mississippi Constitution of 1890, as amended and judicial canons 1, 2 A, 2 B, and 3 A(1) of the Mississippi Code of Judicial Conduct. Judge Jones shall be publicly reprimanded, fined $1,500, and shall pay all costs associated with this case in the amount of $1,485.99. Mississippi Comm'n on Judicial Performance v. Russell, 724 So.2d 873 (Miss.1998).

STATEMENT OF FACTS
¶ 3. This matter appeared for trial before a three-judge panel of the Mississippi Commission on Judicial Performance. A hearing was held before the panel on May 13, 1998. On October 13, 1998 the panel filed its Findings of Fact and Conclusions of Law. On October 26, 1998 the Respondent filed his Objections to the Panel's Opinion.
¶ 4. The formal complaint against Judge Jones contains six counts alleging official improprieties relating to his handling of alcohol-related cases pending in his court during 1997. The Commission found that Jones engaged in a pattern of conduct wherein he sanctioned the reduction of DUI second offense charges to DUI firstoffense which occurred on three occasions. Further, Jones sanctioned reduction of DUI cases to unrelated crimes of "disorderly conduct." Also the Commission found that the cumulative effect of Jones' conduct constituted willful official misconduct and conduct prejudicial to the administration of justice which brings the judicial office into disrepute as set forth in Section 177A of the Mississippi Constitution of 1890, as amended. In addition, the Commission found that Judge Jones' actions with reference to these cases deprived Webster County of fine monies which would have been mandatory had Judge Jones followed the sentencing laws relating to DUI cases.
¶ 5. The Commission found Judge Jones guilty of misconduct on all six counts. The Commission recommends to this Court that Judge Jerry Jones be publicly reprimanded for misconduct in the office. In addition, the Commission recommended that a fine of $1500.00 be levied against Judge Jones and that Judge Jones pay all costs associated with the prosecution of this matter, in the amount of $1,485.99.
¶ 6. On January 5, 1999, the Commission filed its Motion For Approval of Recommendations and Memorandum in Support of its Motion For Approval. On January 7, 1999, Judge Jones filed his Response of the Motion. In his response Judge Jones, while not in agreement with the findings and conclusions reached by the Commission, accepted the recommendations filed by the Commission.

STANDARD OF REVIEW
¶ 7. The appropriate standard of review for a judicial disciplinary proceeding is derived from Rule 10(E) of the Rules of the Mississippi Commission on Judicial Performance which provides:
Based upon a review of the entire record, the Supreme Court shall prepare and publish a written opinion and judgment directing such disciplinary action, if any, as it finds just and proper. The Supreme Court may accept, reject, or modify, in whole or in part, the findings *387 and recommendation of the Commission. In the event that more than one recommendation for discipline of the judge is filed, the Supreme Court may render a single decision or impose a single sanction with respect to all recommendations.
Mississippi Comm'n on Jud. Perf. v. Dodds, 680 So.2d 180, 190 (Miss.1996); Mississippi Comm'n on Jud. Perf. v. Chinn, 611 So.2d 849, 850 (Miss.1992). Although this Court is not bound by the Commission's findings, they are given great deference when based on clear and convincing evidence. Chinn, 611 So.2d at 850.

I. WHETHER JONES' CONDUCT CONSTITUTES WILFUL MISCONDUCT IN OFFICE AND CONDUCT PREJUDICIAL TO THE ADMINISTRATION OF JUSTICE WHICH BRINGS THE JUDICIAL OFFICE INTO DISREPUTE PURSUANT TO SECTION 177A OF THE MISSISSIPPI CONSTITUTION (1890), AS AMENDED?
¶ 8. Section 177A of the Mississippi Constitution allows a judge to be sanctioned for willful misconduct in office. This Court has defined willful misconduct as:
[T]he improper or wrongful use of the power of his office by a judge acting intentionally, or with gross unconcern for his conduct, and generally in bad faith. It involves more than an error in judgment or a mere lack of diligence. Necessarily, the term would encompass conduct involving moral turpitude, dishonesty, or corruption, and also any knowing misuse of the office, whatever the motive. However, these elements are not necessary to a finding of bad faith. A specific intent to use the powers of the judicial to accomplish a purpose which the judge knew or should have known was beyond the legitimate exercise of his authority constitutes bad faith.... Willful misconduct in office of necessity is conduct prejudicial to the administration of justice that brings the judicial office into disrepute.
Chinn, 611 So.2d at 849.
In order to answer the question of willful misconduct, a careful inspection must be conducted into the alleged violations by Judge Jones.
¶ 9. The Commission argues that Judge Jones reduced a 1st offense DUI received by Sherry Callahan to Disorderly Conduct. The Commission argues that this was in violation of state law. Ms. Callahan and other witnesses testified that it was part of a plea bargain and that Judge Jones was aware of the deal. The Commission asserts that Jones' actions violated Canons 1, 2 A, 2 B, and 3 A(1) of the Mississippi Code of Judicial Conduct.
¶ 10. Jones argues that there was statutory authority pursuant to Section 99-19-25 of the Mississippi Code to suspend the sentence on conditions set forth by the court within the limits of the statute. Judge Jones argues that the arresting officer, Owings, had a conversation with the defense attorney prior to the case being called and withdrew the citation charging DUI before the case was called for trial. Further, the officer swore an affidavit alleging disorderly conduct based on Ms. Callahan's conduct at the Webster County Jail. Jones contends that the citation alleging Ms. Callahan was guilty of DUI did not allege a blood alcohol content reading of.10% or greater and further that Jones did not reduce a DUI to Disorderly Conduct.
¶ 11. The Commission argues that Judge Jones improperly sanctioned the reduction of a DUI 2 nd offense received by Benjamin Harrison in Webster County on April 14, 1997.
¶ 12. Judge Jones testified before the panel that the affidavit asserting 2 nd offense was insufficient and there was no court abstract in the case file reflecting Harrison's prior conviction for DUI 1 st offense. However, a witness employed by the Webster County Justice Clerk's office testified that she saw a valid court abstract *388 in the file prior to the date of the trial of this matter. Further, it was found that she personally pulled the abstract and placed it in the file.
¶ 13. The Commission argues that Judge Jones improperly reduced DUI 2 nd offense stemming from infractions lodged against Donald Allen Anthony on March 7, 1997. Anthony was charged with DUI 2nd offense and Careless Driving. The records reflect that Anthony had previously incurred two DUI 1st offense convictions.
¶ 14. On May 21, 1997, this case was set for trial. Judge Jones noted at that time that there was not a valid court abstract setting for the Anthony's prior DUI. Court Clerk employee, Janice Wade testified at the hearing that she advised Judge Jones that she had placed the abstract in the file herself. Jones deferred the case until June 17, 1997. Witnesses testified that Judge Jones said he was taking the case under advisement. Judge Jones denied making that statement. Although the case was continued until June 17, 1997, Anthony's attorney appeared before Judge Jones on May 28, 1997, a special court date, and entered a guilty plea to DUI 1st on behalf of Mr. Anthony, who was not present.
¶ 15. The Commission argues that Judge Jones reduced a DUI 2nd offense to a DUI 1st offense. This was one of four charges lodged against Sherman L. Butler on February 7, 1997. On February 19, 1997, Butler pled guilty to charges of Careless Driving, Suspended Drivers License for DUI, and Possession of Alcohol.
¶ 16. Judge Jones asserts that this reduction was proper in that there was no BAC finding on the face of the affidavit and that this was the reason for the reduction.
¶ 17. On May 18, 1996, John P. Longest was charged with DUI 1st offense, Speeding, and Possession of Alcohol. Over a year later, on July 10, 1997, he plead no contest to the speeding and possession charges. The DUI charge was reduced to Disorderly Conduct and Judge Jones placed Longest on the "court watch" intensive supervision program.
¶ 18. The Commission contends that Miss.Code Ann. § 99-15-26, which establishes intensive supervision and permits withholding adjudication on completion of certain conditions, is not available in any cases brought under Mississippi's Implied Consent Law. In other words, the Commission contends that "court watch" is not available in DUI cases.
¶ 19. Judge Jones contends that he acted under the belief that the use of the "court watch" program is authorized by Section 99-19-25 of the Mississippi Code. Further, Judge Jones contends that the arresting officer had conversations with Vic Carmody, the defense attorney, about signing an affidavit alleging disorderly conduct which is how the disorderly conduct arose and the "court watch" program sentence of Mr. Longest.
¶ 20. Lastly, the Commission argues that the cumulative conduct of Judge Jones constitutes willful official misconduct and the evidence establishes this fact sufficient to the proof required by Section 177A of the Mississippi Constitution of 1890, as amended.
¶ 21. Section 63-11-39 provides that a DUI charge may only be reduced to a non-DUI offense if there is no BAC (blood alcohol content) reading of .10%. If there is no BAC reading, the DUI charge may be reduced by the court on a motion by the prosecutor. M.C.A. § 63-11-39 (Supp. 1998).
¶ 22. As to the first count, on the night of trial, the defense attorney approached the arresting officer in order to make a deal to drop the DUI charge and charge Ms. Callahan with disorderly conduct. Officer Owings signed an affidavit to that effect. This occurred prior to the case going before Judge Jones. Judge Jones asked Ms. Callahan how she would plead and she pled guilty to disorderly conduct.
¶ 23. In the second count, Judge Jones reduced a DUI 2nd offense. Judge Jones *389 testified before the panel that affidavit was insufficient and there was no abstract in the file reflecting Harrison's prior conviction. However, there is a BAC reading and Harrison's prior DUI conviction is contained in the record.
¶ 24. As to the third count, Judge Jones reduced a DUI 2nd offense. The records reflect that Anthony had previously received two DUI 1st offense convictions. Further there was a BAC reading of .10% or greater.
¶ 25. In the fourth count, Judge Jones reduced a DUI 2nd to a DUI 1st stating that the reduction was proper since there was no BAC finding. However, the record reveals that Butler refused the intoxilyzer test.
¶ 26. In the fifth count, Judge Jones reduced a DUI 1st offense Disorderly Conduct and placed John Longest in the "court watch" program. Judge Jones contends that he did not reduce the DUI charge because it is still pending. Additionally, Judge Jones testified that he felt that he had authority to sentence Longest to the court watch program according to Miss.Code Ann. § 99-15-26. However, during the hearing, Longest testified that he was under the belief that his lawyer made a deal with the judge to reduce his charge of DUI to Disorderly Conduct in exchange that he go to the court watch program for 12 months. Further, Longest testified that if he went to the court watch, the DUI was not supposed to be on his record.
¶ 27. We find that, in all of these counts, Judge Jones violated M.C.A. Section 63-11-39. This statute does not provide for the reduction of a DUI offense to a disorderly conduct offense where there is a BAC reading of 10% or greater. This is similar to this Court's holding in Mississippi Comm'n on Jud. Perf. v. Dodds, 680 So.2d 180 that the statutes do not allow for the reduction of DUI to a charge of possession of beer an whiskey, there is nothing in the statutes that allows for the reduction of DUI to a charge of disorderly conduct. Further, in his Response to the Motion for Approval by the Mississippi Commission on Judicial Performance, while not in agreement with the findings and conclusions reached by the Commission, Judge Jones accepted the recommendations filed.
¶ 28. Having found Judge Jones' actions to be in violation of the Judicial Canons and willful official misconduct; we now consider the appropriate sanctions.
¶ 29. "The imposition of sanctions is a matter left solely to the discretion of this Court." Mississippi Comm'n on Judicial Performance v. Russell, 691 So.2d 929, 942 (Miss.1997)When determining appropriate judicial sanctions, the Commission must consider mitigating factors pursuant to this Court's holding in In Re Baker, 535 So.2d 47 (Miss.1988); Miss. Comm'n on Jud. Perf. v. Walker, 565 So.2d 1117 (Miss. 1990). Such factors are set forth below.
(1) The length and character of the Judge's public service.
Judge Jones has served as a Justice Court Judge since January 1996.
(2) Positive contributions made by the judge to the court and the community. The record contains no information regarding this factor.
(3) The lack of prior judicial precedent on the incident in issue.
At the time Judge Jones took action in these cases, Mississippi law was clearly set forth in Mississippi Comm'n on Judicial Performance v. Dodds, 680 So.2d 180 (Miss.1996).
(4) Commitment to fairness and innovative procedural form on the part of the judge.
Judge Jones presented witnesses in the proceedings below, each of whom testified that Judge Jones is a fair and well respected judge.
(5) The magnitude of the offense.
The conduct at issue in this case is the improper reduction of DUI offenses. *390 Moreover, Mississippi law clearly defined the limits of the justice court judge's authority.
(6) The number of persons affected. Five individuals had their DUI offenses improperly reduced.
(7) Whether moral turpitude was involved.
Moral turpitude was not involved in this case.
¶ 30. The Commission contends that it is no novice to the consideration of improper judicial disposition of alcohol-related cases, having had far too many opportunities to consider improprieties in such cases at the justice court level. Further, the Commission contends that the precedent is substantial.
¶ 31. Since Judge Jones has not previously been subject to formal disciplinary charges, the Commission argues that Judge Jones should be publicly reprimanded for misconduct in office. Additionally, that Judge Jones' actions deprived Webster County, Mississippi of fine monies, the Commission argues that a fine of $1500.00 be levied against Judge Jones and also pay all costs associated with the prosecution of this inquiry in the amount of $1,485.99.
¶ 32. We agree with the Commission. Having weighed each factor, public reprimand is warranted. This Court has upheld public reprimands for improperly reducing DUI charges. See Mississippi Comm'n on Judicial Performance v. Emmanuel, 688 So.2d 222 (Miss.1996).

CONCLUSION
¶ 33. The facts in this case were uncontroverted. As a result, Judge Jones either knew or should have known that his actions were in excess of the jurisdiction conferred upon him as a justice court judge. Based on the magnitude of the conduct, Judge Jones engaged in willful misconduct in office or conduct which is prejudicial to the administration of justice which brings the judicial office into disrepute. It should be noted that Judge Jones accepts the recommendations filed by the Commission. Accordingly, the recommendation of public reprimand is affirmed and that the reprimand be read in open Circuit Court. Furthermore, Judge Jones is fined $1,500 and taxed with all costs of the Mississippi Commission on Judicial Performance proceedings in the amount of $1,485.99.
¶ 34. JERRY JONES, JUSTICE COURT JUDGE, IS HEREBY PUBLICLY REPRIMANDED, TO BE READ IN OPEN CIRCUIT COURT, FINED $1,500.00, AND TAXED WITH ALL COSTS OF THE MISSISSIPPI COMMISSION ON JUDICIAL PERFORMANCE PROCEEDINGS IN THE AMOUNT OF $1,485.99.
PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., BANKS, MILLS, WALLER AND COBB, JJ., CONCUR.
McRAE, J., NOT PARTICIPATING.