936 So.2d 343 (2006)
MISSISSIPPI COMMISSION ON JUDICIAL PERFORMANCE
v.
Nell Y. COWART.
No. 2006-JP-00211-SCT.
Supreme Court of Mississippi.
August 17, 2006.
*344 Luther T. Brantley, III, attorney for appellant.
Richard C. Fitzpatrick, Poplarville, attorney for appellee.
EN BANC.
EASLEY, Justice, for the Court.

STATEMENT OF THE CASE
¶ 1. On March 24, 2005, the Mississippi Commission on Judicial Performance (Commission) filed a formal complaint against Nell Y. Cowart, Justice Court Judge for the Southeast District of Pearl River County, Mississippi, alleging judicial misconduct which was actionable pursuant to Article 6, Section 177A Mississippi Constitution of 1890, as amended. The Commission later filed an amended complaint on April 5, 2005, adding additional counts. Judge Cowart filed an answer to the amended formal complaint on May 25, 2005. Counsel for the Commission and Judge Cowart entered into an Agreed Statement of Facts and Proposed Recommendation which was filed on January 5, 2006. The Commission unanimously accepted and adopted the Agreed Statement of Facts and Proposed Recommendation on January 5, 2006, and signed the documents on January 27, 2006. The Agreed Statement of Facts and Proposed Recommendation was in lieu of an evidentiary hearing on the facts.
¶ 2. The Commission's Finding of Facts and Recommendation were filed with this Court on February 7, 2006. Specifically, the Commission found that Judge Cowart's conduct violated Canons 1, 2A, 3B(1), 3B(2), 3B(4), 3B(7), 3B(8), 3C(1), and 3E(1) of the Code of Judicial Conduct of Mississippi Judges. The Commission found that Judge Cowart's behavior constituted willful misconduct in office and conduct prejudicial to the administration of justice which brings the judicial office into disrepute pursuant to Article 6, Section 177A of the Mississippi Constitution of 1890, as amended.
¶ 3. On January 27, 2006, the Commission recommended to this Court that Judge Cowart be publicly reprimanded, suspended from office as Justice Court Judge, Southeast District, Pearl River County, Mississippi, for a period of thirty (30) days without pay, and assessed the costs of this proceeding in the amount of $100.00. A joint motion for approval of recommendations by the Mississippi Commission on Judicial Performance was filed with this Court. On May 24, 2006, the Mississippi Commission on Judicial Performance and Judge Cowart filed a supplementation *345 to the record concerning the six factors this Court considers when determining the appropriateness of judicial sanctions pursuant to In re Baker, 535 So.2d 47, 54 (Miss.1988), and subsequently modified by Miss. Comm'n on Judicial Performance v. Gibson, 883 So.2d 1155, 1158 (Miss.2004). We adopt the Commission's recommendation of public reprimand, suspension from office for a period of thirty (30) days without pay, and assessment of the costs of the proceeding in the amount of $100.00.

FACTS
¶ 4. According to the Agreed Statement of Facts and Recommendation adopted by the Commission and submitted to this Court, on or about August 31, 2004, Sherrie S. Sibley caused an affidavit to be filed in the Justice Court of Pearl River County, Mississippi, alleging telephone harassment against Sibley's ex-husband, Byron Fendley. On that date, Judge Cowart met with Sibley at the Justice Court office and requested that Sibley relate the details of the incident giving rise to the filing of the affidavit. Sibley explained to Judge Cowart the facts of the case and played telephone tape recordings. Judge Cowart then indicated that she was willing to sign a restraining order against the ex-husband, but she declined to sign a warrant due to her relationship with the ex-husband's family and the fact that she had engaged in ex parte communications with Sibley and listened to the tape recordings. Judge Cowart signed the restraining order and then telephoned another justice court judge and arranged the execution of the warrant.
¶ 5. A notice was allegedly mailed from the Justice Court Clerk's office to Sibley notifying her that the case had been set for hearing on October 7, 2004, at 9:00 a.m. Thereafter, Sibley contacted the Justice Court office advising that she had not received a written Notice of Hearing and stated she was told that a written notice would be sent and that the date of the hearing had been set for October 8, 2004. Having received no written notice, Sibley reported to the Justice Court on October 8, 2004, only to find that Judge Cowart had heard the case on the previous day and dismissed the charges due to Sibley's absence in court. The clerk then telephoned Judge Cowart, and Sibley spoke by phone with Judge Cowart about the court dates. Judge Cowart indicated that the case had been dismissed and that there was nothing Sibley could do to have it reinstated. Thereafter, the prosecutor, Cheryl D. Johnson, filed a Motion to Set Aside Order and Reset for Hearing and Motion for Recusal of Judge citing the failure to provide proper notice to Sibley, Judge Cowart's admitted conflict of interest, and lack of prejudice to the ex-husband. All of the relief requested was denied by Judge Cowart.
¶ 6. On or about November 18, 2004, Shelia P. Varnado was issued traffic citations for no proof of liability insurance and disregard for a traffic device. Thereafter, Judge Cowart approached a justice court employee and asked her to contact the deputy sheriff who issued the tickets and ask him to "help on the tickets." The employee did contact the deputy who refused to dismiss the citations, and Judge Cowart was so advised. Varnado was notified on January 5, 2005, that due to her failure to appear she would have ten days to pay the fines or her driver's license would be suspended.
¶ 7. On February 2, 2005, Judge Cowart again approached the employee and told her that she wanted to pay Varnado's fines. Judge Cowart claims that the money was provided to her by Varnado's father. Judge Cowart submitted the funds to *346 the Justice Court Clerk who receipted them as payment for the Varnado fines. Later that day, Judge Cowart called the clerk's office and asked for the deputy's telephone number. The deputy later called the clerk's office and asked that the tickets be "pulled."
¶ 8. On February 3, 2005, Judge Cowart called the clerk's office and told the clerk that she had spoken with the officer who advised her that he had agreed at the first request that the tickets be pulled. The ticket was dismissed, and Judge Cowart then requested the tickets be pulled and the money refunded. The clerk stated that nothing could be done since the funds for the fines had been received by the clerk's office and receipted. At Judge Cowart's insistence, the clerk pulled the tickets, printed withdrawals, and put them in Judge Cowart's box for her signature.
¶ 9. Thereafter, on February 7, 2005, Judge Cowart entered orders remanding the charges to the files indicating that there was a misunderstanding between the court and the issuing officer, as the officer had recommended that such action be taken.
¶ 10. On November 30, 2003, Cynthia R. Gascon was ticketed by the Mississippi Highway Patrol for speeding. On April 23, 2004, Judge Cowart remanded the charge to the file without requiring Gascon to appear in court and without contacting the issuing officer.
¶ 11. On June 3, 2004, Arthur Miciello, Jr. was issued a violation by the Mississippi Highway Patrol for speeding and an expired car tag. On July 22, 2004, Judge Cowart remanded the charges to the file without requiring Miciello to state his plea and without contacting the issuing officer.
¶ 12. When the issuing officer inquired as to the status of the above charges, Judge Cowart caused them to be reactivated and placed on the docket for hearing.

DISCUSSION
¶ 13. The standard of review for judicial misconduct proceedings is de novo. Miss. Comm'n on Judicial Performance v. Boykin, 763 So.2d 872, 874 (Miss.2000) (citing Miss. Comm'n on Judicial Performance v. Gunn, 614 So.2d 387, 389 (Miss.1993)). The Commission's findings, based on clear and convincing evidence, are given "great deference." Id. This Court however, is obligated to conduct an independent inquiry. Miss. Comm'n on Judicial Performance v. Neal, 774 So.2d 414, 416 (Miss.2000). Even though the Commission's findings are considered, this Court is not bound by the findings, and additional sanctions may be imposed. Miss. Comm'n on Judicial Performance v. Whitten, 687 So.2d 744, 746 (Miss.1997).

I. WHETHER JUDGE COWART'S CONDUCT CONSTITUTES WILLFUL MISCONDUCT PREJUDICIAL TO THE ADMINISTRATION OF JUSTICE WHICH BRINGS THE JUDICIAL OFFICE INTO DISREPUTE PURSUANT TO SECTION 177A OF THE MISSISSIPPI CONSTITUTION?
¶ 14. In judicial performance proceedings, this Court determines whether the conduct of the Judge constitutes willful misconduct prejudicial to the administration of justice which brings the judicial office into disrepute pursuant to Section 177A of the Mississippi Constitution of 1890, as amended.
¶ 15. This Court has held:
Willful misconduct in office is the improper or wrongful use of power of his office by a judge acting intentionally or with gross unconcern for his conduct and generally in bad faith. It involves more than an error of judgment or a *347 mere lack of diligence. Necessarily, the term would encompass conduct involving moral turpitude, dishonesty, or corruption, and also any knowing misuse of the office, whatever the motive. However, these elements are not necessary to a finding of bad faith. A specific intent to use the powers of the judicial office to accomplish a purpose which the judge knew or should have known was beyond the legitimate exercise of his authority constitutes bad faith. . . .
Willful misconduct in office of necessity is conduct prejudicial to the administration of justice that brings the judicial office into disrepute. However, a judge may also, through negligence or ignorance not amounting to bad faith, behave in a manner prejudicial to the administration of justice so as to bring the judicial office into disrepute.
Whitten, 687 So.2d at 747 (quoting In re Quick, 553 So.2d 522, 524 (Miss.1989)).
¶ 16. The Commission determined by clear and convincing evidence that Judge Cowart violated Canons 1, 2A, 3B(1), 3B(2), 3B(4), 3B(7), 3B(8), 3C(1), and 3E(1) of the Code of Judicial Conduct of Mississippi Judges. In the case sub judice, Judge Cowart had (1) ex parte communications, (2) presided over a case after acknowledging a conflict, (3) involved herself in ticket-fixing by contacting an officer, (4) handled money due for fines owed, and (5) disposed of traffic violations without a hearing or notice to the issuing officer. Whether this behavior was actually willful is of no consequence. Miss. Comm'n on Judicial Performance v. Boykin, 763 So.2d 872, 875 (Miss.2000) (quoting In re Anderson, 451 So.2d 232, 234 (Miss.1984)). As this Court has held:
While the conduct of Respondent, in our opinion, amounted to willful misconduct in office and conduct prejudicial to the administration of justice, bringing the judicial office into disrepute, we recognize as quoted in In re Anderson, supra, that a judge may also, through negligence or ignorance not amounting to bad faith, behave in a manner prejudicial to the administration of justice so as to bring the judicial office into disrepute. The result is the same regardless of whether bad faith or negligence and ignorance are involved and warrants sanctions.
Id.
¶ 17. We find that Judge Cowart's conduct constitutes willful misconduct in office and conduct prejudicial to the administration of justice which brings the judicial office into disrepute. Accordingly, we find that the Commission's findings were correct as to the willfulness of the conduct before this Court, and we uphold and adopt them.

II. WHETHER JUDGE COWART SHOULD BE PUBLICLY REPRIMANDED, SUSPENDED FROM OFFICE FOR A PERIOD OF THIRTY DAYS WITHOUT PAY, AND ASSESSED ALL COSTS AS RECOMMENDED BY THE COMMISSION?
¶ 18. The Commission recommended that Judge Cowart be publicly reprimanded, suspended from office for a period of thirty days without pay and, assessed all costs associated with this proceeding in the amount of $100.00. The Commission and Judge Cowart have signed an Agreed Statement of Facts and Proposed Recommendation which was unanimously accepted and adopted by the Commission.
¶ 19. Imposing sanctions is left solely to the discretion of this Court. Miss. Comm'n on Judicial Performance v. Jones, 735 So.2d 385, 389 (Miss.1999). The sanction, however, ought to fit the offense at issue. Boykin, 763 So.2d at 876. *348 There is precedent for a public reprimand, suspension from office for a period of thirty days without pay, and assessment of costs in Mississippi for similar actions taken by a judge.
¶ 20. Judge Cowart engaged in ex parte communications with litigants which is clearly prohibited by Canon 3B(7) and has been found to constitute misconduct in a multitude of cases. See Miss. Comm'n on Judicial Performance v. Lewis, 913 So.2d 266, 270 (Miss.2005); Miss. Comm'n on Judicial Performance v. Dodds, 680 So.2d 180, 198 (Miss.1996); Miss. Comm'n on Judicial Performance v. Chinn, 611 So.2d 849, 854 (Miss.1992).
¶ 21. In addition, Judge Cowart presided over a case after acknowledging a conflict existed. Canon 3(E)(1) requires judges to disqualify themselves "in proceedings in which their impartiality might be questioned by a reasonable person knowing all the circumstances. . . ." See Comments to Canon 3(E); In re Blake, 912 So.2d 907, 917 (Miss.2005). See also Canon 3(B)(1) (Judges must hear and decide all assigned matters within their jurisdiction "except those in which disqualification is required."); Miss. Comm'n on Judicial Performance v. Martin, 921 So.2d 1258, 1266 (Miss.2005); Miss. Comm'n on Judicial Performance v. Brown, 918 So.2d 1247, 1253-54 (Miss. 2005); Miss. Comm'n on Judicial Performance v. Justice Court Judge S.S., 834 So.2d 31, 34 (Miss.2003). Here, Judge Cowart spoke with the affiant in a criminal case concerning alleged telephone harassment by the affiant's ex-husband. Judge Cowart informed the affiant that she would sign a restraining order. However, Judge Cowart declined to sign a warrant due to her relationship with the ex-husband's family and the fact she had engaged in ex parte communications with the affiant. Judge Cowart arranged to have the warrant executed by another justice court judge. However, when the case came on for trial, Judge Cowart did not recuse herself and instead dismissed the charges against the ex-husband.
¶ 22. Judge Cowart assisted others in avoiding prosecution for misdemeanor crimes by remanding cases to the file without requiring the parties to appear in court and without notification being issued to the arresting officer. She also assisted another litigant by contacting the arresting officer and requesting that he dismiss the tickets previously issued. Here, Judge Cowart telephoned the officer who issued the citations and requested that he "pull" the tickets. In Miss. Comm'n on Judicial Performance v. Brown, 761 So.2d 182, 186 (Miss.2000), this Court publicly reprimanded Judge Brown, fined him $500.00 and assessed costs. Judge Brown made telephone calls to the officer, the officer's supervisor and the sitting judge in an attempt to influence a pending criminal case against his son. Id. at 183. See also Miss. Comm'n on Judicial Performance v. Williams, 880 So.2d 343 (Miss.2004); Miss. Comm'n on Judicial Performance v. Warren, 791 So.2d 194 (Miss.2001); Miss. Comm'n on Judicial Performance v. Boykin, 763 So.2d 872 (Miss.2000); Miss. Comm'n on Judicial Performance v. Bowen, 662 So.2d 551 (Miss.1995); Miss. Comm'n on Judicial Performance v. Gunn, 614 So.2d 387 (Miss.1993).
¶ 23. Here, the record reflects that no fines were avoided by any of the three individuals ticketed by officers. As will be addressed more fully below, Judge Cowart improperly handled fine money on Varnado's behalf. However, the record reflects that Varnado's fine was paid and the clerk stated that no refund could be given because the funds for the fines had been received by the clerk's office and receipted. As for the tickets issued to Gascon *349 and Miciello, the record indicates that when the issuing officer inquired as to the status of the above charges, Judge Cowart had the cases reactivated and placed on the docket for hearing. Since the charges were placed on the docket, there is no indication that any fines were avoided by these two individuals. Accordingly, the Commission did not ask for any fines to be imposed on Judge Cowart.
¶ 24. Also, Judge Cowart handled fine money. In Miss. Comm'n on Judicial Performance v. A Justice Court Judge, 580 So.2d 1259, 1262 (Miss.1991), the Court found it to be improper for a Justice Court Judge to handle fine monies pursuant to Miss.Code Ann. § 9-11-19 (Supp.1990). Though there is no evidence that Judge Cowart materially benefitted from the collection of fine money, as stated in A Justice Court Judge, "it is easy for the misdemeanor offender who pays a fine to the justice court judge individually to get it into his head that the judge has a personal interest in the fine money." Id. Here, Judge Cowart paid the fine claiming that the money was from the defendant's father. After the fine money had been paid to the clerk and receipted, Judge Cowart continued to have the citations "pulled" and the funds refunded to the defendant's father.
¶ 25. In determining the appropriate sanction for each case before this Court, we review mitigating factors pursuant to this Court's holding in In re Baker, 535 So.2d 47, 54 (Miss.1988). In Miss. Comm'n on Judicial Performance v. Gibson, 883 So.2d 1155, 1158 (Miss.2004), this Court has modified Baker to apply generally to the determination of all sanctions in judicial misconduct proceedings rather than merely applying to the question of public reprimand. We now examine the appropriateness of sanctions here based on the following factors:
(1) The length and character of the judge's public service.
Judge Cowart has held her position since January 1997. Both the Commission and Judge Cowart acknowledged in their supplement that the record contains no information on the judge's public service.
(2) Whether there is any prior case law on point.
There is previous precedent as cited above for all the alleged violations committed by Judge Cowart.
(3) The magnitude of the offense and the harm suffered.
Engaging in ex parte communications, presiding over a case after acknowledging a conflict, remanding cases to the file without conducting any hearing or notifying the officers who issued the citations, contacting an arresting officer and requesting dismissal of an issued ticket, and handling fine money are prohibited and an abuse of power. These actions involved law enforcement officers, parties that appeared before the judge, parties that were scheduled to appear before the judge, and court staff.
(4) Whether the misconduct is an isolated incident or evidences a pattern of conduct.
The Commission and Judge Cowart acknowledged her disciplinary history and concluded that Judge Cowart had not evidenced a pattern of conduct at this time. However, the actions in this matter involved multiple incidents of misconduct. Judge Cowart had a prior informal admonishment. The prior infraction regarded an unrelated issue to the actions reviewed by this Court today. In Miss. Comm'n on Judicial Performance v. Brown, 918 So.2d 1247, 1258 (Miss.2005), this *350 Court found that the current disciplinary matter involved multiple offenses and Judge Brown had been previously disciplined for a similar offense, that being, improperly interfering with a case before the Justice Court. Therefore, Judge Brown has evidenced a pattern of improper and unethical behavior. Id. In Miss. Comm'n on Judicial Performance v. Former Judge U.U., 875 So.2d 1083, 1085 (Miss. 2004), the Commission filed one complaint with this Court stemming from seven separate complaints by citizens. This Court held that the failure to render opinions and orders in six cases evidenced a pattern of neglect. Id. at 1095. In Miss. Comm'n on Judicial Performance v. Gibson, 883 So.2d 1155, 1156 (Miss.2004), Judge Gibson set aside a judgment imposed by another judge without a hearing or notice. This Court found that the record did not reflect other incidents of the same type of behavior which would evidence a pattern of conduct. Id. at 1158. In Miss. Comm'n on Judicial Performance v. Lewis, 913 So.2d 266, 272 (Miss.2005), this Court held that Judge Lewis evidenced a pattern of misconduct for prior and recurring ex parte communications. Judge Lewis had prior disciplinary actions that resulted in sanctions for ex parte communications. Id. These prior sanctions for ex parte communications and his failure to pay costs and failure to be reprimanded in open court for these matters coupled with the current allegations of ex parte communications evidenced a pattern of behavior. Id. Here, Judge Cowart's prior disciplinary action was unrelated to the current action before the Court. Pursuant to the above case law concerning a pattern of conduct, Judge Cowart's three incidents of ticket fixing evidences a pattern of behavior.
(5) Whether "moral turpitude" was involved.
In Miss. Comm'n on Judicial Performance v. Justice Court Judge T.T., 922 So.2d 781, 786 n. 4 (Miss.2006), this Court defined moral turpitude to mean it "includes, but is not limited to, actions which involve interference with the administration of justice, misrepresentation, fraud, deceit, bribery, extortion, or other such actions which bring the judiciary into disrepute." The Commission and Judge Cowart acknowledged that "ticket fixing" interferes with the administration of justice by way of the judicial process. Clearly, any actions that interfere with the administration of justice are considered by this Court to involve moral turpitude.
(6) The presence or absence of mitigating or aggravating circumstances.
Aggravating circumstances are present in this case. Judge Cowart had ex parte communications, presided over a case with a known conflict, requested an officer to dismiss a ticket, remanded cases to the file without notice to officers, and handled monetary fines. These actions adversely affected a multitude of individuals, such as court staff, law enforcement, and parties appearing before Judge Cowart. Mitigating circumstances are present in that Judge Cowart acknowledged her inappropriate conduct and took responsibility for her actions in her agreed order with the Commission. In addition, there was no allegation that Judge Cowart profited financially from the conduct with which she was charged by the Commission.
¶ 26. We uphold the Commission and Judge Cowart's joint agreement.

*351 CONCLUSION
¶ 27. In conclusion, we find that the conduct of Nell Y. Cowart, Justice Court Judge, Southeast District, Pearl River County, Mississippi, constituted willful misconduct in office and conduct prejudicial to the administration of justice which brings the judicial office into disrepute pursuant to Article 6, Section 177A of the Mississippi Constitution of 1890, as amended. The proposed sanctions are in line with past cases of the same or similar nature.
¶ 28. Also, Judge Cowart entered into an Agreed Statement of Facts and Proposed Recommendation which was unanimously, accepted and adopted by the Commission in lieu of an evidentiary hearing on the facts. A joint motion for approval of the Commission's recommendation of public reprimand, suspension from office for a period of thirty (30) days without pay and assessed cost of the proceeding in the amount of $100.00 was filed with this Court. We grant that motion and order a public reprimand, a suspension from office for a period of thirty (30) days without pay, and assessment of court costs of $100.00 against Judge Cowart. This reprimand shall be read in open court on the first day of the next term of the Circuit Court of Pearl River County with Judge Cowart present.
¶ 29. PEARL RIVER COUNTY JUSTICE COURT JUDGE NELL Y. COWART SHALL BE PUBLICLY REPRIMANDED IN OPEN COURT BY THE PRESIDING JUDGE OF THE PEARL RIVER COUNTY CIRCUIT COURT ON THE FIRST DAY OF THE NEXT TERM OF THAT COURT AFTER THIS DECISION BECOMES FINAL; IS SUSPENDED WITHOUT PAY FOR THIRTY (30) DAYS FROM AND AFTER THE DATE OF ISSUANCE OF THE MANDATE IN THIS CASE, AND IS ASSESSED COSTS IN THE AMOUNT OF $100.00.
SMITH, C.J., WALLER AND COBB, P.JJ., CARLSON, GRAVES, DICKINSON AND RANDOLPH, JJ., CONCUR. DIAZ, J., NOT PARTICIPATING.