71 So.3d 590 (2011)
MISSISSIPPI COMMISSION ON JUDICIAL PERFORMANCE
v.
Nell Y. COWART.
No. 2010-JP-01903-SCT.
Supreme Court of Mississippi.
September 8, 2011.
Rehearing Denied October 20, 2011.
*591 John B. Toney, attorney for appellant.
Lawrence C. Gunn, Jr., Hattiesburg, attorney for appellee.
EN BANC.
CHANDLER, Justice, for the Court:
¶ 1. On April 7, 2009, the Mississippi Commission on Judicial Performance (Commission), filed a formal complaint against Nell Y. Cowart, justice court judge for the Southeast District, Pearl River County, Mississippi, alleging judicial misconduct actionable pursuant to Article 6, Section 177A, Mississippi Constitution of 1890, as amended. Judge Cowart acknowledges her misconduct and joins the Commission's recommendation for sanctions. After conducting an independent inquiry of the record and giving careful consideration to the findings of fact and recommendation of the Commission, we adopt the agreed-upon sanctions.

FACTS AND PROCEDURAL HISTORY
¶ 2. Judge Cowart and the Commission agree on the following factual history. On January 27, 2009, Officer Donald Saucier requested Judge Cowart to sign a search warrant. Cowart refused. This search warrant authorized employees of the Pearl River Sheriff's Department to seize and search a computer belonging to Anita Carol Pearson.
*592 ¶ 3. On February 6, 2009, Pearson was arrested by the deputies of the Pearl River County Sheriff's Department and charged with eight felony counts related to kidnapping, armed robbery, and extortion. Pearson was brought before Judge Cowart for her initial appearance; Judge Cowart ordered the handcuffs and shackles be removed from Pearson, and stated that "Pearson was not a criminal." Judge Cowart set bond at $21,500.
¶ 4. A few weeks later, Pearson was arrested again by the Pearl River County Sheriff's Department. This time, Pearson was charged with conspiracy to intimidate a state witness. Judge Cowart claimed she assumed this second arrest was for the previous charge, in which bond already had been posted. Judge Cowart communicated with Pearson's husband about the second arrest, and she called the sheriff's department in an attempt to release Pearson from jail. After having no success in releasing Pearson, Judge Cowart called the jail again and demanded to speak with Pearson. Judge Cowart admitted she made this phone call in an attempt to help release Pearson from jail.
¶ 5. In Pearson's second initial appearance, Judge Cowart again ordered the removal of Pearson's handcuffs and shackles. Judge Cowart stated that Pearson was not a criminal, and "would not spend another night in jail." While an officer was testifying concerning the allegations against Pearson, Judge Cowart became emotional and tearful. After Judge Cowart set bond at $5,000, Pearson was removed from the courtroom, and Judge Cowart apologized to the officers for her emotional display of sympathy toward Pearson.
¶ 6. On the basis of these actions, on April 7, 2009, the Commission filed a formal complaint against Judge Cowart. The complaint was later amended. On July 10, 2009, Cowart filed a response to the amended formal complaint, admitting she had engaged in ex parte communications with Pearson's husband only because she had assumed the sheriff's department was engaging in "illegal and overbearing activities." Judge Cowart also admitted ordering Pearson's handcuffs and shackles removed, but claimed she had set Pearson's bond at an appropriate amount and had refused to sign the search warrant only because she was busy with other cases.
¶ 7. A hearing was set for November 9, 2009, was continued several times, and ultimately was set for November 29, 2010. The hearing was never completed. On November 5, 2010, the parties filed an agreed statement of facts and proposed recommendation. On November 12, 2010, the Commission accepted the agreed statement of facts and proposed recommendation. The Commission recommended that Cowart be publicly reprimanded, suspended from the office of justice court judge, Southeast District, Pearl River County, Mississippi, for a period of sixty days without pay and assessed costs in the sum of $2,139.63 pursuant to Section 177A of the Mississippi Constitution of 1890, as amended.
¶ 8. The Commission and Judge Cowart filed a joint motion for approval of recommendation filed by the Commission. Both the Commission and Judge Cowart then filed memorandum briefs in support of the joint motion for approval of recommendation filed by the Commission.

STANDARD OF REVIEW
¶ 9. In reviewing judicial misconduct cases, this Court is obligated to conduct an "independent inquiry of the record," and in so doing, to "accord careful consideration [of] the findings of fact and recommendations of the Commission, or its committee, which has had the opportunity to observe the demeanor of the witnesses." *593 In re Removal of Lloyd W. Anderson, Justice Court Judge, 412 So.2d 743, 746 (Miss.1982). This Court is not bound by the Commission's findings and may impose additional sanctions. Miss. Comm'n on Judicial Performance v. Hartzog, 32 So.3d 1188, 1193 (Miss.2010) (citing Miss. Comm'n on Judicial Performance v. Osborne, 16 So.3d 16, 19 (Miss.2009) (Osborne IV)); Miss. Comm'n on Judicial Performance v. Boland, 975 So.2d 882, 888 (Miss. 2008) (Boland I)).

DISCUSSION

I. Whether Judge Cowart's conduct constitutes misconduct in violation of Canons 1, 2A, 2B, 3B(2), and 3B(7) of the Mississippi Code of Judicial Conduct, thus causing this matter to be actionable under Section 177A of the Mississippi Constitution of 1890, as amended.
¶ 10. This Court determines if the judge in question has engaged in willful misconduct, prejudicial to the administration of justice, which brings the judicial office into disrepute pursuant to Section 177A of the Mississippi Constitution of 1890, as amended. Willful misconduct has been defined by this Court as follows:
Willful misconduct in office is the improper or wrongful use of power of his office by a judge acting intentionally or with gross unconcern for his conduct and generally in bad faith. It involves more than an error of judgment or a mere lack of diligence.
Miss. Comm'n on Judicial Performance v. Brown, 37 So.3d 14, 20 (Miss. 2010) (citing In re Quick, 553 So.2d 522, 524 (Miss.1989) (quoting In re Anderson, 412 So.2d at 745; In re Nowell, 293 N.C. 235, 237 S.E.2d 246, 255 (1977)). It is not necessary that the behavior be willful. Miss. Comm'n on Judicial Performance v. Boykin, 763 So.2d 872, 875 (Miss.2000). This Court has held that a judge "through negligence or ignorance not amounting to bad faith, [may] behave in a manner prejudicial to the administration of justice so as to bring the judicial office into disrepute. The result is the same regardless of whether bad faith or negligence and ignorance are involved and warrants sanctions." In re Inquiry Concerning Judge William Anderson, 451 So.2d 232, 234 (Miss.1984).
¶ 11. The Commission determined by clear and convincing evidence that Judge Cowart had violated Code of Judicial Conduct Canons 1 (integrity and independence of the judiciary); 2A (acting in a manner that promotes public confidence in the integrity and impartiality of the judiciary); 2B (refraining from family, social, or other relationships influencing judicial conduct and judgment); 3B(2) (faithfulness and competence in the law); and 3B(7) (not considering communications made to the judge outside the presence of the parties in a pending matter). After conducting an independent review of the record, we agree.
¶ 12. The Commission determined that Judge Cowart refused to sign a search warrant referencing Pearson's computer. When Pearson was arrested and brought before Judge Cowart for her initial appearance, Judge Cowart ordered the handcuffs and shackles removed from Pearson and stated from the bench that Pearson was not a criminal. When Pearson was arrested a second time, Judge Cowart assumed the arrest was for the same charges; she then gave assistance to Pearson and Pearson's husband, including calling the sheriff's department and demanding Pearson be released. When Pearson made her second appearance before Judge Cowart, Judge Cowart again ordered the handcuffs and shackles removed and proceeded to make statements from the bench that Pearson was not a criminal and would *594 not spend another night in jail. Judge Cowart appeared emotional during an officer's testimony of Pearson's actions; she later apologized to the officers.
¶ 13. We agree that Judge Cowart violated Canons 1, 2A, 2B, 3B(2), and 3B(7) of the Mississippi Code of Judicial Conduct and that her actions constituted willful misconduct and conduct prejudicial to the administration of justice, under Article 6, Section 177A of the Mississippi Constitution of 1890, as amended.

II. Whether Judge Cowart should be publicly reprimanded; suspended without pay for a period of sixty days; and assessed all costs of the proceeding, in the amount of $2,139.63, as recommended by the Commission.
¶ 14. The Commission recommended that Judge Cowart receive a public reprimand; suspension for a period of sixty days without pay; and assessment of costs in the amount of $2,139.63. After conducting an independent inquiry, we agree.
¶ 15. This Court has the sole duty to impose appropriate sanctions for judicial misconduct. Boland, 975 So.2d at 895. The Mississippi Constitution sets forth sanctions this Court may impose in judicial performance matters. The Mississippi Constitution states:
On recommendation of the commission on judicial performance, the Supreme Court may remove from office, suspend, fine or publicly censure or reprimand any justice or judge of this state for: (a) actual conviction of a felony in a court other than a court of the State of Mississippi; (b) willful misconduct in office; (c) willful and persistent failure to perform his duties; (d) habitual intemperance in the use of alcohol or other drugs; or (e) conduct prejudicial to the administration of justice which brings the judicial office into disrepute; and may retire involuntarily any justice or judge for physical or mental disability seriously interfering with the performance of his duties, which disability is or is likely to become of a permanent character.
Miss. Const. art. 6, § 177A (1890). This Court must impose sanctions appropriate for the specific misconduct. Boland I, 975 So.2d at 893.
¶ 16. This Court has established factors to be considered when determining whether a public reprimand should be imposed. These factors are now considered in determining any sanction for judicial misconduct. Miss. Comm'n on Judicial Performance v. Gibson, 883 So.2d 1155, 1158 (Miss.2004) overruled on other grounds by Miss. Comm'n on Judicial Performance v. Boone, 60 So.3d 172 (Miss 2011). The following six factors are now considered:

(1) Length and character of the judge's public service
¶ 17. Judge Cowart has been a justice court judge since February of 1997, when she was appointed to fill the unexpired term of her deceased husband. The record is silent as to further evidence of Judge Cowart's public service.

(2) Prior caselaw on point
¶ 18. This Court has imposed similar sanctions to those recommended by the Commission, including previously issuing similar sanctions to those for Judge Cowart for violations including ex parte communications. In Mississippi Commission on Judicial Performance v. Osborne, 977 So.2d 314 (Miss.2008) (Osborne II), this Court imposed a public reprimand, costs, and a six-month suspension for violating the Code of Judicial Conduct in allowing personal relationships to influence the *595 judge's conduct and using the position to aid members of the judge's family. Osborne II, 977 So.2d at 327. Here, Judge Cowart has inappropriately allowed her personal relationship with Pearson to affect her conduct.
¶ 19. Judge Cowart has inappropriately engaged in ex parte communications, despite being previously reprimanded for similar conduct. Many opinions of this Court have found ex parte communications a violation of the Code of Judicial Conduct. See e.g. Miss. Comm'n on Judicial Performance v. Dearman, 66 So.3d 112 (Miss. 2011); Miss. Comm'n on Judicial Performance v. Patton, 57 So.3d 626 (Miss. 2011); Miss. Comm'n on Judicial Performance v. DeLaughter, 35 So.3d 1208 (Miss.2010); Miss. Comm'n on Judicial Performance v. Bradford, 18 So.3d 251 (Miss.2009); Miss. Comm'n on Judicial Performance v. Britton, 936 So.2d 898 (Miss.2006); Miss. Comm'n on Judicial Performance v. Dodds, 680 So.2d 180 (Miss. 1996); Miss. Comm'n on Judicial Performance v. Chinn, 611 So.2d 849 (Miss.1992).

(3) Magnitude of the offense and the harm suffered
¶ 20. It is reasonable to conclude that the public's perception of the judiciary was harmed through the following actions by Judge Cowart: engaging in ex parte conversations with a criminal defendant scheduled to appear before her, engaging in ex parte conversations with the defendant's husband, attempting to release the defendant from jail, and making comments clearly reflecting a personal relationship with the defendant. Those present at Pearson's two initial appearances before Judge Cowart undoubtedly concluded Judge Cowart and Pearson had a personal relationship. Judge Cowart showed she realized the magnitude of her actions, because she proceeded to apologize to the officers after admitting from the bench her personal relationship with Pearson. This Court has stated, "[o]fficial integrity of our Justice Court Judges is vitally important, for it is on that level that many citizens have their only experience with the judiciary." Dearman, 66 So.3d at ¶ 29 (citing Miss. Comm'n on Judicial Performance v. Vess, 10 So.3d 486, 493 (Miss.2009) (quoting In re Inquiry Concerning Garner, 466 So.2d 884, 887 (Miss.1985) overruled on other grounds by Boone, 60 So.3d 172 Miss.2011))).

(4) An isolated incident or a pattern of conduct
¶ 21. Judge Cowart has had prior disciplinary actions against her. In 2004, Judge Cowart issued a warrant for noncustodial kidnapping against the father of a child involved in a custody dispute. The mother of the child was both a campaign contributor and Judge Cowart's friend. For this action, the Commission issued an informal Commission action.
¶ 22. In Mississippi Commission on Judicial Performance v. Cowart, 936 So.2d 343 (Miss.2006), this Court agreed with the Commission in finding that Judge Cowart had engaged in ex parte communications, had presided over a case after acknowledging she had a conflict, had contacted an officer to fix a ticket for her neighbor, personally had handled money due for fines owed, and had disposed of traffic violations with no hearing or notice to the issuing officer. Id. at 347. From these actions, this Court issued a public reprimand and a thirty-day suspension without pay and assessed costs.
¶ 23. Judge Cowart's present conduct is similar to that for which she previously has been reprimanded. Her pattern of conduct shows a disregard for the Code of Judicial Conduct.

*596 (5) Moral turpitude
¶ 24. This Court has defined the term "moral turpitude" to include "actions which involve interference with the administration of justice, misrepresentation, fraud, deceit, bribery, extortion, or other such actions which bring the judiciary into disrepute." Osborne IV, 16 So.3d at 24 (citing Miss. Comm'n on Judicial Performance v. Boland, 998 So.2d 380, 392 (Miss.2008) (Boland II)).
¶ 25. Judge Cowart interfered with the administration of justice by engaging in ex parte communications with both Pearson and her husband and continually demonstrating her personal relationship with Pearson. By attempting to use her position to help Pearson, Judge Cowart exhibited moral turpitude and an extreme disregard for the Code of Judicial Conduct. As in Mississippi Judicial Performance v. Sanford, 941 So.2d 209, 217 (Miss.2006), a finding of moral turpitude is appropriate because "this case involves some of the basic tenets of daily living in a civil society, such as living by standards of fundamental decency and honesty by not abusing the judicial process, and by revering the law and the judicial system, and upholding the dignity and respect of the judiciary through appropriate conduct and behavior toward others."

(6) Mitigating or aggravating circumstances
¶ 26. Judge Cowart entered into an agreed statement of facts and recommendation for sanction, indicating that her actions were improper and the recommendation was fair. Judge Cowart's record of judicial misconduct, evidencing a disregard for the Code of Judicial Conduct, is an aggravating circumstance.

CONCLUSION
¶ 27. The conduct of Nell Y. Cowart, justice court judge for the Southeast District of PearlRiver County, Mississippi, constitutes willful misconduct in office and conduct prejudicial to the administration of justice which brings the judicial office into disrepute, pursuant to Article 6, Section 177A of the Mississippi Constitution of 1890, as amended.
¶ 28. This Court, after conducting an independent review of the record, and after giving careful consideration to the agreed statement of facts and recommendation of the Commission, orders Justice Court Judge Nell Y. Cowart to be publicly reprimanded, suspended from office for a period of sixty days without pay, and assessed with costs in the amount of $2,139.63. The Clerk of this Court shall send copies of this opinion and the mandate of this Court to the Chancery Clerk and the Circuit Clerk of Pearl River County, as well as to the Pearl River County Justice Court Clerk, the County Administrator of Pearl River County, and the Pearl River County Board of Supervisors.
¶ 29. PEARL RIVER COUNTY JUSTICE COURT JUDGE NELL Y. COWART SHALL BE SUSPENDED FROM OFFICE WITHOUT PAY FOR A PERIOD OF SIXTY DAYS, EFFECTIVE ON THE DATE OF ISSUANCE OF THIS COURT'S MANDATE; PUBLICLY REPRIMANDED; AND ASSESSED COSTS OF $2,139.63. THE PUBLIC REPRIMAND SHALL BE READ IN OPEN COURT BY THE PRESIDING JUDGE OF THE PEARL RIVER COUNTY CIRCUIT COURT ON THE FIRST DAY OF THE NEXT TERM OF THAT COURT IN WHICH A JURY VENIRE IS PRESENT AFTER THE ISSUANCE OF THIS COURT'S MANDATE, WITH JUDGE COWART IN ATTENDANCE.
*597 WALLER, C.J., CARLSON AND DICKINSON, P.JJ., RANDOLPH, LAMAR, PIERCE AND KING, JJ., CONCUR. KITCHENS, J., CONCURS IN PART AND IN RESULT WITH SEPARATE WRITTEN OPINION.
KITCHENS, Justice, concurring in part and in result:
¶ 30. While I agree with this Court's adoption of the Commission's recommended sanction, I write separately to clarify which of Judge Cowart's actions rise to the level of judicial misconduct.
¶ 31. In considering the joint recommendation filed by the Commission, it is unclear which of Judge Cowart's several activities amounted to judicial misconduct. The Commission's Findings of Fact and Recommendation provides a recitation of the facts but does not specify which of the judge's actions require that she be sanctioned. We simply are told that "Respondent's action as stated in the Agreed Statement of Facts and Proposed Recommendation violated Canons 1, 2A, 2B, 3B(2) and 3B(7) of the Code of Judicial Conduct and § 177A of the Mississippi Constitution...." However, the Agreed Statement of Facts and Proposed Recommendation, which was not fully adopted by the Commission, includes this brief analysis:
Respondent agrees that due to her knowledge of Carol Pearson that she should have recused herself from involvement in any phase of Pearson's case and therefore has violated 3E(1).[1] Also, by engaging in ex parte conversations with Pearson and Pearson's husband she violated 2B and 3B(7). Respondent's demands that Pearson be released from jail and her statements from the bench regarding Pearson's innocence violate Canons 1, 2A, 3B(1), 3B(2).
The Commission rejected the finding that Judge Cowart should have recused herself and the finding that she had violated Canon 3E(1), which governs disqualification of judges.[2] Accordingly, we are left to assume that the Commission found misconduct in Judge Cowart's "engaging in ex parte conversations with Pearson and Pearson's husband" and her "demands that Pearson be released from jail and her statements from the bench regarding Pearson's innocence."
¶ 32. Thus, while the majority correctly summarizes the agreed facts, not all of Judge Cowart's enumerated actions are sanctionable, including her refusal to sign a search warrant and her request that Pearson's handcuffs and shackles be removed while Pearson was in the courtroom. These matters, standing alone, were within the judge's discretion. As for her statement from the bench that Pearson was "not a criminal," that too would not offend the judicial canons if that comment *598 occurred in the context of the presumption of innocence afforded all persons accused of a crime. The information before us gives this Court no insight into the context in which the comment was made. Nevertheless, it seems clear from the audio recording of the hearing that Judge Cowart was agitated and was expressing her belief that the charges against Pearson had been fabricated by the sheriff's office.
¶ 33. Based on the agreed facts and the record before us, Judge Cowart should be sanctioned for her ex parte communications with Pearson and Pearson's spouse, for her demanding that Pearson be released from jail, and for her exhibiting partiality toward Pearson during the initial appearance in the second case. The recommended sanction is appropriate in light of Judge Cowart's agreement to the recommendation and because this is her third disciplinary appearance before the Commission. I do not agree with the majority's conclusion that her actions involved moral turpitude, and Judge Cowart has not agreed to such a finding. Her actions, while sanctionable, do not amount to "shameful wickedness, so extreme a departure from ordinary standards of honesty, good morals, justice or ethics as to be shocking to the moral sense of the community." Speed v. Scott, 787 So.2d 626, 633 (Miss.2001) (quoting Restatement (Second) Torts § 571, cmt.g (1977)). While she should not have engaged in improper ex parte communications, demanded a defendant's release from jail in these circumstances, or exhibited partiality from the bench, her rulings bear no appearance of having been affected, and this should be considered an additional mitigating factor. For these reasons, I respectfully concur in part and in result.
NOTES
[1] The party adverse to Carol Pearsonthe State of Mississippinever asked Judge Cowart to recuse.
[2] The Commission's brief states that the Commission did not find a violation of Canon 3E(1) "as it appears that the canon is couched in hortatory rather than mandatory language." In other words, the Commission refused to find a violation of Canon 3E(1) because the canon provides that "judges should disqualify themselves" in certain cases rather than "judges shall disqualify themselves." Curiously, the Commission recently recommended that a justice court judge be sanctioned because she presided over the initial appearance of her nephew and her nephew's girlfriend. Miss. Comm'n on Judicial Performance v. Dearman, 66 So.3d 112 (Miss. 2011). The Commission's recommendation in that case is not consistent with its finding that Judge Cowart was not required to recuse herself despite her personal relationship with Pearson. A common factor in these cases is the lack of any party's request for recusal.