McRAE, Presiding Justice,
for the Court:

STATEMENT OF THE CASE

¶ 1. This is a disciplinary proceeding against City of Petal Municipal Court Judge George Gunter, involving violations of Miss. Const, art. 6, § 177A, Miss.Code Ann. § 45-27-13, 18 U.S.C. §§ 641, 1030, 1343, 1351, 1952, and Code of Judicial Conduct of Mississippi Judges, Canons 1, 2(a), 2(B), 3(A)(1), 3(A)(2), 3(A)(3), 3(A)(4), and 3(A)(6). The parties have submitted an Agreed Statement of Facts and Proposed Recommendation in lieu of an evidentiary hearing. The recommendation of the Mississippi Commission on Judicial Performance that Gunter be publicly reprimanded, fined $1,500, and assessed with court costs in the amount of $100 is hereby adopted.

FACTS AND PROCEDURAL HISTORY

¶2. This proceeding began when the Commission filed its complaint against Gunter on February 3, 2000, as a result of complaints lodged by Steffani Layne Bazor Jones and Sabrina Lee Wilkes. The Commission and Gunter have filed an Agreed Statement of Facts and Proposed Recommendation, which they ask this Court to adopt. The parties recommend that Gun-ter be publicly reprimanded, fined $1,500, and assessed with court costs of $100.
¶ 3. Since 1986, George Gunter has served as a part-time Municipal Court Judge for the City of Petal, Mississippi, and practices law in that city. In his capacity as a practicing attorney, Gunter represented Ernest Ray Bazor (“Ernest”) in a divorce action against Steffani Layne Bazor (“Steffani”). During the course of this representation, an altercation oc *989 curred between Ernest and Steffani on July 27,1998.
¶ 4. Gunter contacted the Petal Municipal Court Clerk’s office and directed that the officer who had responded to the altercation call him, stating that it was a domestic matter and that the police should not be involved. Steffani went to the Petal Police Department to file charges with the municipal court, where she was not allowed to do so, being advised that Gunter had already contacted the court clerk regarding the case.
¶ 5. On July 28, 1998, Steffani filed an assault charge against Ernest in the Justice Court of Forrest County, Mississippi, and a warrant was issued for Ernest. That afternoon, Gunter took Ernest to the Forrest County Justice Court to surrender him pursuant to the warrant. Gunter created a disturbance and cursed the deputy justice court clerks for allowing Steffani to sign an affidavit. This disturbance was sufficient to cause Forrest County Justice Court Judge Pat Causey to take Gunter into his office to calm him down. On his way out of the court, Gunter saw Steffani and screamed to her that she did not know “who ran Petal.” Subsequently, after an error by the Forrest County Justice Court in resetting the matter for trial even though the matter had been dismissed, Gunter again contacted the Forrest County Clerk and berated the clerks in the justice court office.
¶ 6. On or about October 7, 1999, Gunter used his official capacity as municipal court judge to have a National Crime Information Center (NCIC) criminal history run on Jason Jones, Steffani’s current husband, to use in favor of Ernest in a child custody hearing subsequent to the divorce. This act was in violation of Miss.Code Ann. § 45-27-13, and 18 U.S.C. §§ 641, 1030, 1343, 1351, 1952, in addition to Canons 1, 2A, 2B and 3A(1) of the Code of Judicial Conduct.
¶ 7. In February, 1997,17 year old Jessica Wilkes was issued a ticket in Petal for having tint on her automobile windows that was too dark. Jessica was scheduled to appear in court on March 7, 1997. She failed to make this appearance and subsequent appearances on March 31 and April 1, 1997. She eventually appeared before the court on April 15, 1997, where Gunter “behaved intemperately” toward her and sentenced her to 100 hours of community service, to be served on Saturdays.
¶ 8. After serving a portion of her community service, four weeks prior to her high school graduation, Jessica was required to attend school on Saturday mornings in order to receive enough hours to graduate. Upon receiving this information Jessica’s mother, Sabrina Lee Wilkes, called the Petal Municipal Court Clerk and explained the need for Jessica to have the next few Saturday mornings free for school purposes, and that thereafter Jessica would be free for community service the entire summer. After the initial telephone call to the clerk, Mrs. Wilkes called back twice to insure that the court was aware of the situation.
¶ 9. Approximately two weeks prior to graduation, Gunter ordered that Jessica be arrested and immediately brought before him. The arresting officer allowed Jessica to call Mrs. Wilkes who, with her twelve-year-old daughter, left work and school to meet Jessica in Gunter’s courtroom.
¶ 10. Gunter once again “behaved intemperately” toward Jessica. He then called Mrs. Wilkes forward and “harshly berated and humiliated her.” When she attempted to speak, he “continued to scream and yell,” yelling that he did not care whether Jessica graduated from high school or not. Gunter ordered that Mrs. Wilkes be arrested for contempt of court *990 and that her 12 year old daughter, who had begun to cry at the treatment and arrest of her mother, be removed from the courtroom.
¶ 11. Gunter did not send any paper work to the Forest County Detention Center where Mrs. Wilkes was taken after her arrest. He further ordered that she be held for 24 hours and that she not be allowed bond. After several hours, he called the detention center and ordered her release.
¶ 12. Gunter’s treatment of Steffani violated Canons 1, 2A, 2B, 3A(1) and 3A(6) of the Code of Judicial Conduct of Mississippi Judges. His actions toward Jessica and Sabrina Wilkes violated Canons 1, 2A, 2B, 3A(1), 3(A)(2), 3(A)(3), 3A(4) and 3B(1) of the Code of Judicial Conduct of Mississippi Judges.
¶ 13. As mitigation, Gunter and the Commission point out that Gunter has been open to the Commission in regard to the investigation of his office, as well as in dissemination of information regarding the allegations against him. Also, Gunter has been a part-time judge since June, 1986, and the Commission has never before had any charges against him.
¶ 14. Gunter is also active in civic affairs, being a member of the Petal Rotary Club, past president of the club and recipient of two Paul Harris Fellowship Awards. Further, Judge Gunter is a lieutenant colonel and has been on the staff of the Judge Advocate of the Mississippi National Guard and Army Reserve for twenty-seven years. He has also been a public defender for Perry County since January, 1990, a member of the American Judge’s Association for fourteen years, and is admitted to all courts in Mississippi.
¶ 15. The Commission found Gunter to be remorseful of his “intemperance,” and embarrassed over his use of the NCIC information, which he claims he did not know was illegal. He has stated to the Commission that he acknowledges his misconduct, that he is regretful, and that he has taken measures to avoid such occurrences in the future.

Discussion

¶ 16. Gunter has admitted to the misconduct alleged by the Commission, and the Commission recommends he be publicly reprimanded, fined, and assessed with the costs of this proceeding. Article 6, § 177A of the Mississippi Constitution provides in part as follows:
On recommendation of the Commission on Judicial Performance, the Supreme Court may remove from office, suspend, fine or publicly censure or reprimand any justice or judge of this state for:
(B) willful misconduct in office, or
(E) conduct prejudicial to the administration of justice which brings the judicial office into disrepute.
¶ 17. The Commission argues that Gun-ter’s actions constitute willful misconduct in office that is prejudicial to the administration of justice and brings the judicial office into disrepute, citing In re Quick, 553 So.2d 522, 524-25 (Miss.1989). In that case we held as follows:
Willful misconduct in office is the improper or wrongful use of power of his office by a judge acting intentionally or with gross unconcern for his conduct and generally in bad faith. It involves more than an error of judgment or a mere lack of diligence ... A specific intent to use the powers of the judicial office to accomplish a purpose which the judge knew or should have known was *991 beyond the legitimate exercise of his authority constitutes bad faith.
Id. at 524.
¶ 18. We have held that -willful misconduct in office is per se prejudicial to the administration of justice and brings the judicial office into disrepute. Id. We have also held that conduct not rising to the level of willful misconduct in office may nonetheless constitute conduct prejudicial to the administration of justice. We have held that “a judge may also, through negligence or ignorance not amounting to bad faith, behave in a manner prejudicial to the administration of justice so as to bring the judicial office into disrepute.” In re Anderson, 451 So.2d 232, 234 (Miss.1984).
¶ 19. As punishment for Gunter’s misconduct, the Commission recommends that he be sanctioned. The Commission stops short of calling for Gunter’s removal from office. Rather, it recommends that he be publicly reprimanded, fined $1,500, and assessed with court costs in the amount of $100. Gunter has agreed to these punishments.
¶ 20. The Commission submits that this punishment is consistent with sanctions imposed in similar cases. In Miss. Comm’n. on Judicial Performance v. Walker, 565 So.2d 1117 (Miss.1990), we publicly reprimanded a judge who abused his contempt powers. In that case, a litigant who had received an adverse ruling stood up in court and stated “Your Honor, you know I do have the right to appeal this to the Judicial Performance Commission.” The judge immediately cited him with contempt and ordered him jailed for 24 hours without bond.
¶21. The judge claimed that the litigant muttered a racial slur in a low voice that no one could hear but him. However, we held that the judge used his contempt power for what was, at most, a personal attack on him. Id. at 1124. Even though it was his first offense, we held that he should be publicly reprimanded due to the “inexcusable example of ... abuse of the contempt power.” Id. at 1125.
¶22. In Miss. Comm’n On Judicial Performance v. Byers, 757 So.2d 961 (Miss.2000), a newspaper reporter disobeyed an order by Judge Shirley C. Byers when she published an article regarding a juvenile proceeding. Byers improperly found her in direct contempt, and ordered her jailed for 72 hours without bond. We found that she failed to follow the correct procedure for a charge of constructive contempt, which requires that a defendant be advised of a specific charge, and provided notice and a hearing. Id. at 970.
¶ 23. In her four-year tenure as Circuit Court Judge for the Fourth Circuit District, Byers faced several complaints alleging numerous charges. In the case cited, the Commission found she committed the following misconduct: improperly sentencing a defendant under the wrong statute, improperly extending a defendant’s probation and improperly placing him on supervised probation, interfering with orders set by the senior judge, abusing contempt powers, and engaging in the above actions, which constitutes judicial misconduct.
¶ 24. We said that this was “the most troubling and serious of all the charges.” The Commission recommended that she be removed from office and assessed with the costs of the matter, totaling $2,023.59. We noted that she had already been voted out of office, and proceeded to sanction her with a public reprimand, a $1,500.00 fine, and assessed court costs of $2,023.59.
¶25. Likewise, in Miss. Comm’n. on Judicial Performance v. Sanders, 708 So.2d 866 (Miss.1998), Circuit Court Judge Lillie Blackmon Sanders was sanctioned for violations of Canons 1, 2(A), 3(A)(1), 3(A)(4), 3(B)(1), and 3(C)(1)(b). We found *992 that she had committed willful misconduct in office and conduct prejudicial to the administration of justice which brings the judicial office into disrepute. We then upheld that Commission’s recommendation that she be publicly reprimanded, fined $1,500, and taxed with the costs of the proceeding.

CONCLUSION

¶ 26. City of Petal Municipal Court Judge George Gunter, while acting in office, violated Miss. Const, art. 6, § 177A, Miss.Code Ann. § 45-27-13, 18 U.S.C. §§ 641, 1030, 1343,1351,1952, and Code of Judicial Conduct of Mississippi Judges, Canons 1, 2(a), 2(B), 3(A)(1), 3(A)(2), 3(A)(3), 3(A)(4), and 3(A)(6). Based on similar cases, the Commission recommends that this Court sanction Gunter with a public reprimand, a fine of $1,500, and assessed with $100 in costs, which reflects the costs of this proceeding. We hereby adopt the recommendations of the Commission.
¶ 27. GEORGE GUNTER, CITY OF PETAL MUNICIPAL COURT JUDGE, SHALL (1) BE PUBLICLY REPRIMANDED IN OPEN COURT BY THE PRESIDING CIRCUIT JUDGE OF THE CIRCUIT COURT OF FORREST COUNTY ON THE FIRST MONDAY OF THE NEXT TERM OF THAT COURT AFTER THIS DECISION IS FINAL; (2) PAY A FINE OF $1,500; AND (3) PAY THE COSTS OF THIS PROCEEDING IN THE AMOUNT OF $100.00.
PITTMAN, C.J., SMITH, MILLS, WALLER, COBB, DIAZ AND EASLEY, JJ., CONCUR.
BANKS, P.J., NOT PARTICIPATING.