LAMAR, Justice,
for the Court:
¶ 1. The Mississippi Commission on Judicial Performance recommended that Houston J. Patton, County Court Judge for Hinds County, be publicly repi'imanded and ordered to pay a fine of $1,000 and costs of $100 for engaging in ex parte communications, misusing his contempt power, failing to propeidy notice hearings, granting relief not requested, and issuing a search warrant without legal authority, all actions which the Commission found to constitute willful misconduct in office. Judge Patton joined the Commission’s recommendations and has admitted to all chai’ges of misconduct. After l-eviewing the record, we find the recommended sanctions to be insufficient, and we decline to adopt the Commission’s recommendations. We impose a sanction of suspension without pay for thirty days, a public reprimand, a fine of $1,000, and costs of $100.
STATEMENT OF FACTS AND PROCEEDINGS
¶ 2. On Febraaiy 19, 2009, the Commission filed a formal complaint, in which it alleged that Judge Patton had engaged in improper conduct in two cases involving the same defendant. In the first case,1 the Commission avei-red that Judge Patton had engaged in ex parte communications with the plaintiffs and counsel for the defendant; had presided over numerous hearings and entered orders without proper notice to the defendant; had wrongfully held the defendant in contempt, which resulted in his incarcex-ation; and had wrongfully issued a search warrant for the defendant’s premises in violation of his due-process rights. And in the second case,2 the Commission averi-ed that Judge Patton had engaged in ex parte communications with the plaintiff and counsel for the defendant; had granted relief not prayed for by the plaintiffs; and had *629wrongfully held the defendant in contempt, resulting in his incarceration. The Commission found that Judge Patton’s conduct in both cases had violated Canons 1, 2A, 2B, 3B(2), 3B(7), 3B(8), and 3B(9) of the Code of Judicial Conduct. The Commission further found that Judge Patton’s actions constituted “... (b) willful misconduct in office; [and] (e) conduct prejudicial to the administration of justice which brings the judicial office into disrepute[.]”3 ¶ 3. On May 19, 2010, the Commission filed a second formal complaint against Judge Patton. The Commission averred that Judge Patton again unlawfully had held a party in contempt, resulting in incarceration.4 The Commission found that Judge Patton’s conduct had violated Canons 1, 2A, 2B, 3B(2), 3B(7), 3B(8), and 3C(1) of the Code of Judicial Conduct and Article 3, Section 30 of the Mississippi Constitution,5 which prohibits imprisonment for debt. The Commission found the conduct was sanctionable under Section 177A of the Mississippi Constitution, as it was “... (b) willful misconduct in office; [and] (e) conduct prejudicial to the administration of justice which brings the judicial office into disrepute.”6 The Commission, through its attorney, and Judge Patton entered into an Agreed Statement of Facts and Proposed Recommendation in lieu of a hearing. This agreed statement essentially reiterated the facts set forth in the formal complaints. Judge Patton and the Commission agreed that he had violated Article 3, Section 30 of the Mississippi Constitution and Canons 1, 2A, 2B, 3B(2), 3B(7), 3B(8), 3B(9), 3C(1), and that his conduct was willful and prejudicial to the administration of justice under Section 177A of the Mississippi Constitution. They agreed that the appropriate sanctions should be a public reprimand, a $1,000 fine, and $100 in costs. The full Commission accepted and -adopted the Agreed Statement of Facts and Proposed Recommendation with one change; it was silent as to a violation of Article 3, Section 30, of the Mississippi Constitution.
DISCUSSION
¶ 4. This Court conducts a “ ‘de novo review of judicial misconduct proceedings, giving great deference to the findings, based on clear and convincing evidence, of the recommendations of the Mississippi Commission on Judicial Performance.’ ”7 We may “accept, reject, or modify, in whole or in part, the findings and recommendation of the Commission.”8 This Court must render an independent judgment, as we are vested with the “sole power to impose sanctions in judicial misconduct cases.” 9
¶ 5. The Commission found by clear and convincing evidence that Judge Patton’s conduct was willful and prejudicial to the administration of justice under Section 177A of the Mississippi Constitution, and that it violated Canons 1, 2A, 2B, 3B(2), 3B(7), 3B(8), 3B(9),10 and 3C(1). To *630be willful under Section 177A, the misconduct must be “done willfully or with gross unconcern and generally in bad faith[.]”11 And “conduct prejudicial to the administration of justice that brings the judicial office into disrepute” includes all willful conduct.12 This Court has held that a judge’s participation in ex parte communication13 and misuse of contempt power14 constitute willful misconduct and conduct prejudicial to the administration of justice. Further, Judge Patton agrees that his conduct falls within Section 177A(b) and (e), violates the above-noted code sections, and is sanctionable. We also find that Judge Patton’s action of imprisoning a litigant for failure to pay a civil judgment is a violation of Article 3, Section 30 of the Mississippi Constitution.15 Therefore, we find that Judge Patton should be sanctioned.
¶ 6. Under Section 177A, this Court may “remove from office, suspend, fine or publicly censure or reprimand” a judge for misconduct.16 This Court considers six factors to determine an appropriate sanction:
(1) The length and character of the judge’s public service; (2) Whether there is any prior case law [sic] on point; (3) The magnitude of the offense and the harm suffered; (4) Whether the misconduct is an isolated incident or evidences a pattern of conduct; (5) Whether moral turpitude was involved; and (6) The presence or absence of mitigating or aggravating circumstances.17
And we have ruled that the “guiding factor in assigning an appropriate sanction is that if it fits the offense, and this is best measured by comparison with sanctions handed down in prior cases for the listed offense.” 18

1. The length and character of the judge’s public semce

¶ 7. Judge Patton has been a judge for more than twenty years, and has no prior disciplinary record. The record contains no information about the character of Judge Patton’s public service.

2. Whether there is any prior caselaw on point.

¶ 8. This Court has considered numerous judicial-misconduct cases involving abuse of contempt power and ex parte communi*631cations.19 Recently, this Court decided Mississippi Judicial Performance v. Vess, in which this Court sanctioned a justice court judge with a public reprimand, a fine of $2,000, and costs of $100, for engaging in ex parte communications with both parties in a pending suit and for failing to provide notice to one of the parties.20 In that case, the judge admitted his recent misconduct and agreed to the imposed sanction, but he also had been disciplined on two other occasions.21
¶ 9. And in Mississippi Commission on Judicial Performance v. Byers, this Court sanctioned a circuit judge with a public reprimand, fine of $1,500, and costs of $2,023.59 for various improprieties, including the “serious charge” of misusing the contempt power.22 In that case, a reporter disobeyed a court order by publishing an article about a juvenile proceeding.23 The circuit judge had the reporter arrested and incarcerated without filing an affidavit or an order to show cause, without noticing the hearing, and without an appeal bond.24 In addition to misusing the contempt power, the Court found that the judge had improperly sentenced a defendant under the wrong statute and had improperly extended a defendant’s probation.25 The Court reviewed the misconduct at issue and a previous private reprimand for abuse of judicial powers before imposing sanctions.26 But the Court noted it “seriously considered the sanction of removal.” 27
¶ 10. The Court also considered a judge’s misuse of contempt in Mississippi Commission on Judicial Performance v. Gunter, in which a municipal judge had a seventeen-year-old arrested for contempt and immediately brought before him for failing to appear for community service.28 The judge also improperly ordered that the teenager’s mother be arrested for contempt of court and held for several hours without bond.29 In addition to finding the judge had misused his power of contempt, this Court also found that the judge had abused his official capacity as a judge by using the National Crime Information Center and contacting clerks and police officers regarding a case in' which he was counsel.30 The Court noted that this was *632the judge’s first infraction when it imposed a sanction of a public reprimand, a $1,500 fine, and $100 in costs.31
¶ 11. But this Court has imposed harsher sanctions in cases involving similar misconduct. In Mississippi Commission on Judicial Performance v. Gordon, the Mississippi Commission on Judicial Performance recommended a public reprimand and assessment of costs for a municipal court judge who engaged in ex parte communications with defendants and subsequently fixed fourteen traffic tickets.32 This Court enhanced the punishment to a thirty-day suspension without pay, a public reprimand, and court costs, even though the judge had no formal disciplinary record.33
¶ 12. Likewise, in Mississippi Commission on Judicial Performance v. Britton, the Court again imposed an enhanced punishment of suspension without pay for thirty days, a public reprimand, and costs, on a justice court judge when the Commission had recommended only a public reprimand and costs of $1,118.37.34 In that case, the judge had engaged in improper ex parte communications and without notice or hearing, had entered orders and had undertaken other actions in two unrelated cases.35 The judge also had engaged in similar misconduct and had been before the Commission a total of six times, but he had never been admonished by this Court.36
¶ 13. And in Mississippi Commission on Judicial Perfomance v. Lewis, this Court accepted the Commission’s recommendation to remove a justice court judge from office and assess costs of $2,080.23.37 In that case, the judge had engaged in ex parte communications in two separate cases and improperly had dismissed a default judgment.38 This Court also found that the judge had engaged in improper sexual advances toward the litigants, and that he had failed to pay previous court costs and submit to a public reprimand for prior disciplinary proceedings.39

3. The magnitude of the offense and the ham suffered

¶ 14. In this case, Judge Patton failed to follow the law regarding ex parte communications, contempt, and execution of search warrants. He failed to ensure litigants received notice of hearings, and he publicly commented on pending cases. This Court has ruled that “immeasurable harm occurs when a judge who is trusted as the gatekeeper to justice for all our citizens, fails to learn and apply fundamental tenets of the law.”40 And we also have ruled that “the power to hold a person in contempt of court is a solemn responsibility, and any misuse of this power is a serious charge.”41 Judge Patton’s conduct gave the appearance of impropriety and of lending the prestige of his office to advance the private interests of others. Fur*633ther, his actions have violated the due-process rights of litigants. We find that Judge Patton’s conduct brings the integrity, independence, and quality of the judiciary in question.

k. Whether the misconduct is an isolated incident or evinces a pattern of conduct.

¶ 15. While this is Judge Patton’s first time to be sanctioned for misconduct, this action was initiated by two formal complaints involving misconduct in three civil eases. In each case, Judge Patton engaged in ex parte communication. In two cases, he improperly used his contempt power, held hearings without notice, and wrongfully incarcerated defendants. We have held that three incidents within one formal complaint constituted a pattern.42 Similarly, we found ten violations of various misconduct to constitute a pattern where the judge had no prior disciplinary history and all allegations were brought within one formal complaint.43 So, contrary to the dissent, this Court has found a pattern of misconduct when there is no prior disciplinary action. Therefore, we find a pattern of misconduct.

5. Whether moral turpitude was involved.

¶ 16. This Court has ruled that moral turpitude “includes, but is not limited to, actions which involve interference with the administration of justice, misrepresentation, fraud, deceit, bribery, extortion, or other such actions which bring the judiciary into disrepute.”44 We also have said that a finding of moral turpitude “must involve some immorality”45 and cross the line “from simple negligence or mistake, to willful conduct which takes advantage of a judge’s position for greed or other inappropriate motives.”46 Our discussion of this Gibson factor in Mississippi Commission on Judicial Performance v. Sanford, in which we found moral turpitude, is particularly relevant:
[Tjhis case is not about a judge’s conduct because of a judge’s lack of judicial education or training. This case involves some of the basic tenets of daily living in a civil society, such as living by standards of fundamental decency and honesty by not abusing the judicial process, and by revering the law and the judicial system, and upholding the dignity and respect of the judiciary through appropriate conduct and behavior toward others.47
We find that Judge Patton’s conduct, which is undisputed, involves moral turpitude, as he abused the judicial process and failed to revere the law and judicial system. His actions of wrongfully incarcerating litigants, engaging in ex parte communications; failing to give notice of hearings and orders, publicly commenting on a pending case, and improperly issuing a search warrant in a civil case, certainly warrant this Court to find moral turpitude.

*634
6. The presence or absence of mitigating or aggravating circumstances

¶ 17. This is Judge Patton’s first time to be sanctioned. He has admitted his misconduct and has agreed to the recommended sanctions. However, his behavior was very similar in three different cases and shows a pattern of misconduct. Judge Patton has ignored the Code of Judicial Conduct, and his actions have deprived litigants of the due process of law, the gravity of which this Court takes very seriously. This Court gives great deference to the Commission’s findings with the clear charge that we must render an independent judgment.
¶ 18. While this is Judge Patton’s first disciplinary action, we find his conduct is egregious enough to warrant suspension, as imposed in Gordon and Button, in addition to the recommended sanction. After full consideration and de novo review of the record before us, we find that the Commission’s recommendation is too lenient, and we enhance the sanction to include a thirty-day suspension without pay, in addition to a public reprimand, fine of $1,000, and costs of $100.
CONCLUSION
¶ 19. Judge Patton has violated Canons 1, 2A, 2B, 3B(2), 3B(7), 3B(8), 3B(9), 3C(1) of the Code of Judicial Conduct, and his conduct violated Article 3, Section 30 of the Mississippi Constitution and is within the scope of Section 177A, subparts (b) and (e). Because of his misconduct, we impose a sanction of a suspension without pay for thirty days, a public reprimand, a fine of $1,000, and costs of $100. The public reprimand shall be read in open court on the first day of the next term of the Circuit Court of Hinds County in which a jury venire is present, with Judge Patton in attendance.
¶ 20. JUDGE HOUSTON J. PATTON, COUNTY COURT JUDGE FOR HINDS COUNTY, SHALL BE PUBLICLY REPRIMANDED IN OPEN COURT BY THE PRESIDING JUDGE OF THE HINDS COUNTY CIRCUIT COURT ON THE FIRST DAY OF THE NEXT TERM OF THAT COURT AFTER THIS DECISION BECOMES FINAL WHEN A VENIRE PANEL IS PRESENT, IS SUSPENDED FROM OFFICE WITHOUT PAY FOR THIRTY(30) DAYS, AND IS ASSESSED A FINE IN THE AMOUNT OF $1,000 AND COSTS OF $100.
WALLER, C.J., CARLSON AND DICKINSON, P.JJ., AND RANDOLPH, J., CONCUR. KITCHENS, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION JOINED BY CHANDLER AND PIERCE, JJ. PIERCE, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION JOINED BY KITCHENS AND CHANDLER, JJ. KING, J., NOT PARTICIPATING.

. John Woodward and Vivian Wajda v. Billy Ralph Sullivan, No. 07-1884.

. Joseph Gregory and Debra Gregory v. Billy R. Sullivan, Individually and Billy R. Sullivan d/b/a A <fe S Environmental, No. 251-07-000328-CQV.

. Miss. Const, art. 6, § 177A(b),(e).

. Vernon and Constance Hughes v. Homer "H.L.” Tillman and John Does 1-5, No. 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-COV.

. Miss. Const, art. 3, § 30.

. Miss. Const, art. 6, § 177A(b),(e).

. Miss. Comm’n on Judicial Performance v. Sanford, 941 So.2d 209, 212 (Miss.2006) (quoting Miss. Comm’n on Judicial Performance v. Gibson, 883 So.2d 1155, 1156 (Miss.2004)).

. Rules of'the Miss. Comm’n on Judicial Performance 10(E).

. Gibson, 883 So.2d at 1157.

. We note that the record contains no facts that support a violation of Canon 3B(9), which generally prohibits a judge and his court personnel from publicly commenting on *630a pending case. Presumably facts in support of this violation were presented to the Commission, because Judge Patton and the Commission provided in the agreed statement of facts that Cannon 3B(9) was violated. Furthermore, the Commission filed a brief in support of its recommendation in which it stated: "During the time the cases involved in Inquiry Concerning a Judge No. 2008-274 were pending, Respondent made comments to the local newspaper in an attempt to explain his actions and justify Sullivan’s incarceration. In addition, Respondent publicly admitted ex parte contact with one of the litigants.” Judge Patton did not file a brief but joined the "petition filed by the Commission.” We will consider these unrebutted (and agreed to) assertions under the applicable de-novo review.

. Miss. Comm’n on Judicial Performance v. U.U., 875 So.2d 1083, 1088-89 (Miss.2004).

. Miss. Comm’n on Judicial Performance v. Vess, 10 So.3d 486, 489 (Miss.2009).

. Id.

. Miss. Comm'n on Judicial Performance v. Walker, 565 So.2d 1117, 1124 (Miss.1990).

. See In re Nichols, 749 So.2d 68 (Miss.1999).

. Miss. Const, art. 6, § 177A.

. Miss. Comm'n on Judicial Performance v. Gibson, 883 So.2d 1155, 1158 (Miss.2004).

. Miss. Comm'n on Judicial Performance v. Britton, 936 So.2d 898, 906 (Miss.2006).

. See e.g., Vess, 10 So.3d at 488-89, 495 (ex parte communication and abuse of contempt); Britton, 936 So.2d at 906 (ex parte communication); Miss. Comm’n on Judicial Performance v. Lewis, 913 So.2d 266 (Miss.2005) (ex parte communication); Miss. Comm’n on Judicial Performance v. Blakeney, 848 So.2d 824 (Miss.2003) (ex parte communication); Miss. Comm’n on Judicial Performance v. Willard, 788 So.2d 736 (Miss.2001) (ex parte communication and abuse of contempt); Miss. Comm'n on Judicial Performance v. Gunter, 797 So.2d 988, 990 (Miss.2001) (abuse of contempt); Miss. Comm'n on Judicial Performance v. Lewis, 801 So.2d 704 (Miss.2001) (ex parte communication); Miss. Comm’n on Judicial Performance v. Byers, 757 So.2d 961, 973 (Miss.2000) (abuse of contempt); Miss. Comm'n on Judicial Performance v. Sanders, 749 So.2d 1062 (Miss.1999) (ex parte communication and abuse of contempt); Walker, 565 So.2d at 1124 (abuse of contempt).

. Miss. Comm’n on Judicial Performance v. Vess, 10 So.3d 486, 488-89, 495 (Miss.2009).

. Id. at 491, 492-93.

. Byers, 757 So.2d at 973.

. Id. at 970.

. Id. at 970-71.

. Id. at 967-69.

. Id. at 970, 973.

. Id. at 973.

. Miss. Comm’n on Judicial Performance v. Gunter, 797 So.2d 988, 990 (Miss.2001).

. Id.

. Id. at 989.

. Id. at 991-92.

. Miss. Comm'n on Judicial Performance v. Gordon, 955 So.2d 300, 301-02 (Miss.2007).

. Id. at 306.

. Miss. Comm’n on Judicial Performance v. Britton, 936 So.2d 898, 906 (Miss.2006).

. Id. at 902-03.

.Id. at 907.

. Miss. Comm’n on Judicial Performance v. Lewis, 913 So.2d 266, 268 (Miss.2005).

. Id. at 268-69.

. Id. at 271-72.

. Miss. Comm'n on Judicial Performance v. Britton, 936 So.2d 898, 906 (Miss.2006).

. Miss. Comm'n on Judicial Performance v. Byers, 757 So.2d 961, 973 (Miss.2000).

. Miss. Comm'n on Judicial Performance v. Cowart, 936 So.2d 343, 350 (Miss.2006).

. Miss. Comm'n on Judicial Performance v. Bradford, 18 So.3d 251, 256 (Miss.2009).

. Miss. Comm'n on Judicial Performance v. Gibson, 883 So.2d 1155, 1158 (Miss.2004).

. Miss. Comm'n on Judicial Performance v. Roberts, 952 So.2d 934, 942 (Miss.2007).

. Miss. Comm’n on Judicial Performance v. Vess, 10 So.3d 486, 493 (Miss.2009) (quoting Miss. Comm’n on Judicial Performance v. Gordon, 955 So.2d 300, 305 (Miss.2007)).

. Miss. Comm’n on Judicial Performance v. Sanford, 941 So.2d 209, 217 (Miss.2006).