RANDOLPH, PRESIDING JUSTICE, FOR THE COURT:
¶ 1. The Mississippi Commission on Judicial Performance (Commission) filed a Formal Complaint charging Charles L. Vess, Justice Court Judge, South District, Adams County, Mississippi (Judge), with willful misconduct in office and conduct *954 prejudicial to the administration of justice which brings the judicial office into disrepute in violation of Section 177A of the Mississippi Constitution. The Commission and Judge entered- into a Stipulation - of Agreed Facts and Proposed Recommendation, which was accepted unanimously by the Commission, providing that Judge had violated Canons 1, 2(A), 3(B)(2), 3(B)(4), and 3(B)(5) of the Code of Judicial Conduct and Section 177A of the Mississippi Constitution, and recommending that he be publicly reprimanded, suspended from office without pay for a period of thirty days, fined $1,100, and assessed costs of $200.
¶2. After conducting our mandated review of the Commission’s recommendation consistent with Section 177A of Article 6 of the Mississippi Constitution, Rule 10 of the Rules of the Commission on Judicial Performance, Rule 10 of the Mississippi Rules of Appellate Procedure, and.our caselaw, we adopt the recommendation of the Commission and order that Judge be publicly reprimanded, suspended from office without pay for a period of thirty days, fined- in the amount of $1,100, and assessed the costs of this proceeding in the amount of $200.
FACTS
¶ 3. In the present case, Judge agreed to the following findings of fact:
[Judge] admitted that while serving as Justice Court Judge, Southern District for Adams County, Mississippi, he presided over the case of State v. Michael Thomas, cause number 271-637-2. During the course of the hearing on State v. Michael Thomas, Defendant Thomas repeatedly placed his hands in his pockets. Thomas’s mother and court staff advised Thomas ■ to remove his hands from, his pockets, but he.continued,his habit of placing his hands in his pockets.
[Judge] admitted that while presiding over State v. Michael Thomas, he made a statement-that indicated that Thomas’s habit of placing his hands in his pockets was threatening to [Judge] and that [Judge] may have to use his gun on Thorna?,
[Judge] further admitted to • asking Thomas if he used drugs after remanding the pending case to the file, and upon an affirmative answer from Thomas, [Judge] admitted that he made disparaging remarks about Thomas’s drug use to Thomas’s mother. [Judge] further admitted that he made additional disparaging remarks about Thomas’s mother’s parenting skills and asked other demeaning questions and made other demeaning comments and accusations.
¶ 4. Judge -previously has been before the Commission, resulting in four informal actions and three formal actions. The informal actions included “a procedural irregularity and bias in a criminal case, setting aside a Judgment without prior notice in a DUI case, sitting as a municipal judge without holding a license to practice law, and inappropriate courtroom demeanor.” Judge also has been the subject of three disciplinary proceedings: Mississippi Commission on Judicial Performance v. Vess, 637 So.2d 882 (Miss. 1994) (Vess 7); Mississippi Commission on Judicial Performance v. Vess, 692 So.2d 80 (Miss, 1997) (Vess II); and Mississippi Commission on Judicial Performance v. Vess, 10 So.3d 486 (Miss. 2009) (Vess III). In Vess I, this Court affirmed the recommendation of a public reprimand and a $100 fine for accepting restitution payments from a litigant on behalf of a victim. Vess I, 637 So.2d at 882. In Vess II, this Court affirmed the recommendation of a public reprimand , and costs in . the amount of $1,173.45 for ex parte communications with the defendant, defendant’s mother, arrest *955 ing officer, and prosecuting attorney, and for interfering with the defendant’s bonding process, Vess II, 692 So.2d at 86; In Vess III, this Court affirmed the recommendation of a public reprimand, costs, and a fine for ex parte communications with both the complaining party and her family and the defendant and her family and holding the same defendant in contempt on a ten-year-old incomplete, order, inter alia. Vess III, 10 So.3d at 488-90.
¶5. On May . 16, 2016, the Commission filed a “Formal Complaint” charging Judge with violation of Canons l,[1] 2A,[2] 3(B)(4),[3] and 3(B)(5)[4] of the Code of Judicial Conduct and engaging in willful misconduct in office and conduct prejudicial to the administration of justice which brings the judicial office into disrepute in violation of Section 177A of the Mississippi Constitution. Judge did not file an answer to the Formal Complaint.
¶ 6. Subsequently, the Commission and Judge filed an Agreed Statement of Facts and Proposed. Recommendation. Judge stipulated that he had violated Canons 1, 2(A), 3(B)(4), and 3(B)(5) and Section 177A of the Mississippi Constitution based on the above, agreed-upon facts. The jointly proposed recommendation was that he be publicly reprimanded, suspended from office without pay for a period of thirty days, fined in the amount of $1,100 (an amount constituting two weeks’ pay), and assessed costs of $200. In paragraph 12, Judge also:
agrees to publicly apologize to Ms. Jackson-Moore for his conduct towards her and agrees he will retire and shall not seek re-election to any judicial office in the future. [Judge] further acknowledges the two (2) unresolved inquiries pending before the Commission [ ] that remain pending and unaffected by this Agreement.
The Commission unanimously' approved the Stipulation of Agreed Facts and Proposed Recommendation, However, in their Findings of Fact and Recommendation to this Court, the Commission did not incorporate the language contained in paragraph 12 cited above.
¶7. Pursuant to Section 177A of the Mississippi Constitution and Rule 10(A) of the Rules of the Mississippi Commission on Judicial Performance, the matter was presented to this Court. See Miss. Const. art. 6, § 177A; Miss. Comm’n on Judicial Performance R. 10(A). On September 1, 2016, the Commission filed a Motion for Approval of Recommendation Filed by the Mississippi Commission on Judicial Performance and a Brief in Support of Joint Motion for Approval of Recommendation Filed by the Mississippi Commission on Judicial Performance.
*956 ANALYSIS
¶ 8. The Mississippi Constitution vests this Court with the power, “[o]n recommendation of the commission on judicial performance... [to] remove from office, suspend, fíne or publicly censure or reprimand any justice or judge of this state for ,.. willful misconduct in office ... or [ ] conduct prejudicial to the administration of justice which brings the judicial office into disrepute....” Miss. Const. art. 6, § 177A. “This Court, as the ultimate decision-maker in judicial performance cases, makes the final determination as to the appropriate action to be taken when a judge has committed willful misconduct or conduct prejudicial to the administration of justice that brings the judicial office into disrepute .... ” Miss. Comm’n on Judicial Performance v. Skinner, 119 So.3d 294, 299 (Miss. 2013) (citations omitted).
I. Misconduct
¶ 9. Judge admits that, when he threatened to use a gun on a defendant, he was guilty of misconduct. Judge also admits that it was improper to make disparaging remarks to the defendant’s mother, demean her parenting skills, and make other demeaning comments and accusations. Judge acknowledges that his conduct violated Canons 1, 2, 3(B)(4), and 3(B)(5) of the Code of Judicial Conduct and Section 177A of the Mississippi Constitution.
¶ 10. We have made it “quite clear that the power granted to judges does not license them to be disrespectful to the lawyers and citizens who appear in their courtrooms; and that judges must conduct themselves with appropriate judicial demeanor.” Miss. Comm’n on Judicial Performance v. Smith, 78 So.3d 889, 893 (Miss. 2011), overruled in part on other grounds by Miss. Comm’n on Judicial Performance v. Darby, 78 So.3d 889 (Miss. 2011).
¶ 11. In Smith, the judge “acknowledged that he abused his contempt powers and exhibited poor courtroom demeanor.” Smith, 78 So.3d at 890. The judge further admitted that he “address[ed] the lawyers and'bail bondsman discourteously, that is, without respect and appropriate judicial temperament [sic]....” Id. at 892. That Court held that the judge “committed willful misconduct in office and conduct prejudicial to the administration of justice which brings the judicial office into 'disrepute.” Id. at 895. In Mississippi Commission on Judicial Performance v. Gunter, 797 So.2d 988 (Miss. 2001), that Court held that the judge violated the Code of Judicial Conduct when he called a defendant’s mother before the bench and “harshly berated and humiliated her.” Gunter, 797 So.2d at 989.
¶ 12. We accept the Commission’s findings and the Judge’s admission that his actions constituted willful misconduct in office and conduct prejudicial to the administration of justice which brings the judicial office into disrepute. We will now consider what sanctions are commensurate with this finding.
II. Sanctions
¶ 13. The sanctions in a judicial misconduct case should be proportionate to the judge’s offense. Miss. Comm’n on Judicial Performance v. Harris, 131 So.3d 1137, 1144 (Miss. 2013). To determine whether the recommended sanctions are proportionate to the offense, this Court applies a six-factor test, which includes the following:
(1) the length and character of the judge’s public service; (2) whether there is any prior caselaw on point; (3) the magnitude of the offense and the harm suffered; (4) whether the misconduct is an isolated incident or evidences a pattern of conduct; (5) whether the conduct was .willful, intended to deprive the public of assets, or if it exploited the judge’s *957 position; and (6) the presence or absence of mitigating or aggravating factors.
Miss. Comm’n on Judicial Performance v. Thompson, 169 So.3d 857, 869 (Miss. 2015).

A.The Length and Character of the Judge’s Public Service

¶ 14. The Commission’s brief stated that:
[Judge] has served as a Justice Court Judge for the Southern District of Adams County, Mississippi for twenty-four (24) years. Miss. Comm’n on Judicial Performance v. Vess, 10 So.3d 486, 490 (Miss. 2009).
This Court previously has found that Judge Vess “is a long-term community leader and volunteer... he has served as president of the Natchez Historical Society and as a board member of the American Red Cross ... contributes his time to other local organizations ... he serves as an instructor in domestic violence prevention and established a library at the Natchez City Jail.” Id.

B.Prior Caselaw on Point

C.The Magnitude of the Offense and the Harm Suffered

¶ 15. Judge’s actions compromised the integrity of the judiciary in a manner that did not promote public confidence in the integrity and impartiality of the judiciary. Judge threatened use of a weapon on the defendant. Judge interrogated that same defendant concerning his use of drugs, which had no bearing on the charge before the court. Finally, Judge interrogated, demeaned, and intimidated the defendant’s mother about the defendant’s drug use and her parenting skills.
¶ 16. As discussed supra, the judges in Smith and Gunter engaged in similar acts and misconduct to which Judge has admitted. ■ In both of those cases, this Court accepted the recommendation of the Commission and publicly reprimanded the judges. Smith, 78 So.3d at 895; Gunter, 797 So.2d at 992. Regarding the severity of the sanction, we have imposed a similar punishment requested by the Commission in cases of greater severity. In Mississippi Commission on Judicial Performance v. Littlejohn, 172 So.3d 1157 (Miss. 2015), the judge held a party in contempt for failing to pay a sum the party had appealed with a supersedeas bond. Littlejohn, 172 So.3d at 1160. We held that the judge had abused his power of contempt and illegally had incarcerated the party. Id. That judge’s conduct was more egregious than the misconduct at issue in today’s case and in Smith and Gunter, and further, that judge refused to acknowledge any wrongdoing. Id. at 1162. Yet, we imposed a thirty-day suspension without pay, in addition to a public reprimand, which is the same sanction recommended by the Commission and agreed to by Judge. Id, at 1163. At the same time, Judge has a history (supra) with the Commission. Thus, we impose a more, severe sanction than those sanctions adopted in Smith and Gunter.

D.Whether the misconduct is an isolated incident or evidences a pattern of misconduct.

¶ 17. The incident at issue today is dissimilar to any of his prior incidents. The prior complaints do not mirror the present complaint, evincing no pattern of similar misconduct.

E.The Extent to Which the Conduct Was Willful, and the Extent to Which the Conduct Exploited the Judge’s Position to Satisfy his or her Personal Desires or Was Intended to Deprive the Public of Assets or Funds Rightfully Belonging to It

¶ 18. There is no claim or evidence that Judge’s actions were intended to exploit *958 his position to satisfy his personal desires or to deprive the public of assets or funds.
F. The Presence-or Absence of ' Mitigating or Aggravating Circumstances
¶ 19. “This Court consistently has recognized that mitigating circumstances exist when a judge acknowledges his or her errors, which Judge ... did in this case by ¿ntering into the [Stipulation of Agreed Pacts] and Proposed Recommendation with .the Commission.” Darby II, 143 So.3d 564, 570 (Miss. 2013); see, e.g., Miss. Comm’n on Judicial Performance v. Darby, 75 So.3d 1037, 1044 (Miss. 2011); Skinner, 119 So.3d at 307; Smith, 78 So.3d at 895. Judge has acknowledged wrongdoing.
CONCLUSION
¶ 20. Judge’s conduct violated Canons 1, 2(A),. 3(E)(4), and 3(B)(5) of the Mississippi Code of Judicial Conduct and Section 177A of the Mississippi Constitution. Judge’s actions. constituted willful misconduct prejudicial to the administration of justice which brought the judicial office into .disrepute.
¶21. For these reasons, this Court affirms the recommendation of the Commission and orders that Judge Vess be publicly reprimanded, suspended from office without pay for a period of thirty (30) days, fined in the amount of $1,100, and assessed the costs of this proceeding in the amount of $200.
¶ 22. The Clerk of this Court is directed to mail a copy of this opinion and the mandate of this Court-to the Clerks of the Adams County Chancery, Circuit, and Justice Courts and to the Adams County Board of Supervisors and the Adams County Administrator.
¶ 23. ADAMS COUNTY JUSTICE COURT JUDGE CHARLES L. VESS SHALL BE SUSPENDED PROM OP-FICE FOR A PERIOD OF THIRTY (30) DAYS WITHOUT PAY, EFFECTIVE ON THE DATE OF ISSUANCE OF THIS COURT’S MANDATE, PUBLICLY REPRIMANDED, FINED $1,100, AND ASSESSED COSTS OF $200. THE PUBLIC REPRIMAND SHALL BE READ IN OPEN COURT BY THE PRESIDING JUDGE OF THE ADAMS COUNTY CIRCUIT COURT ON THE FIRST DAY OF THE NEXT TERM OF THAT COURT IN WHICH A JURY VE-NIRE IS PRESENT AFTER THE ISSUANCE OF THIS COURT’S MANDATE, WITH JUDGE VESS IN ATTENDANCE.
WALLER, C.J., DICKINSON, P.J., KITCHENS, COLEMAN, MAXWELL AND BEAM, JJ., CONCUR. KING, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION. CHAMBERLIN, J., NOT PARTICIPATING.

. Canon 1 of the Code of Judicial Conduct provides, in pertinent part, that “[a] judge should participate in establishing, maintaining, and enforcing high standards of conduct, and shall personally observe those standards so that the integrity and independence of the judiciary will be preserved.”

. Canon 2(A) of the Code of Judicial Conduct provides that “[a] judge shall respect and comply with the law and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary."

. Canon 3(B)(4) of the Code of Judicial Conduct provides, in pertinent part, that “[¡judges shall be patient, dignified, and courteous to litigants, jurors, witnesses, lawyers, and others with whom they deal in their official capacities

.Canon 3(B)(5) of the Code of Judicial Conduct provides, in pertinent part, that “[a] judge shall perform judicial duties without bias or prejudice [and] ... shall not ... by words or conduct manifest bias or prejudice, including but not limited to bias or prejudice based upon -race, gender, religion,- '.national origin, disability, age, sexual orientation or socioeconomic status....”