# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2018-JP-01537-SCT

*MISSISSIPPI COMMISSION ON JUDICIAL PERFORMANCE*

*v.*

*JUDGE JESSE BURTON*

| | |
|---|---|
| DATE OF JUDGMENT: | 10/23/2018 |
| TRIAL JUDGE: | HON. KENT McDANIEL |
| COURT FROM WHICH APPEALED: | MISSISSIPPI COMMISSION ON JUDICIAL PERFORMANCE |
| ATTORNEYS FOR APPELLANT: | DARLENE D. BALLARD |
| | RACHEL WILSON MICHEL |
| | MEAGAN COURTNEY BRITTAIN |
| ATTORNEY FOR APPELLEE: | RICHARD B. LEWIS |
| NATURE OF THE CASE: | CIVIL - JUDICIAL PERFORMANCE |
| DISPOSITION: | PUBLIC REPRIMAND AND FINE OF $500 - 04/25/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**MAXWELL, JUSTICE, FOR THE COURT:**

¶1.     On July 17, 2017, Jesse Burton—a justice court judge for the Southern District of Coahoma County—filed an affidavit claiming his former girlfriend had stolen money and personal property from him.  Based on this affidavit, another justice court judge issued an arrest warrant for Judge Burton's girlfriend, Regina Burt.  But before the warrant was served, Judge Burton changed his mind and instructed the clerk's office to rescind the warrant that the other judge had issued.  As directed, the deputy clerk replaced Judge Burton's girlfriend's

name on the warrant with Jane Doe and instructed the sheriff's office not to execute it.

¶2.     Acting on a complaint from Burt, on August 29, 2018, the Mississippi Commission on Judicial Performance filed a formal complaint against Judge Burton, who cooperated and entered an agreed stipulation of facts with the Commission. The parties' agreement included the Commission's recommended sanction of a public reprimand and $500 fine. After review, this Court agrees with the Commission's findings and recommended sanction.

**Background Facts and Procedural History**

¶3.     As part of the stipulation of agreed facts, which included a proposed sanction, Judge Burton agreed he committed misconduct when he ordered a deputy clerk to rescind his former girlfriend's arrest warrant. He agreed he violated Canons 1, 2A, 2B, 3B(1), 3B(2), and 3E(1) of the Code of Judicial Conduct of Mississippi and Mississippi Code Section 97-11-1. This was Judge Burton's first disciplinary matter before the Commission in his twenty-seven-year career as a justice court judge. And the Commission recommended he be publicly reprimanded and fined $500. After a hearing, the Commission adopted the agreed stipulation of facts and recommended sanction in a five-to-one vote. The Commission and Judge Burton filed a joint motion, asking this Court accept the Commission's findings and recommended sanctions.

**Discussion**

¶4.     Mississippi Constitution article 6, section 177A, vests this Court with the power to, on the recommendation of the Commission on Judicial Performance, "remove from office, suspend, fine or publicly censure or reprimand any justice or judge of this state for . . ."

2

willful misconduct in office or conduct prejudicial to the administration of justice that brings the judicial office into disrepute. Miss. Const. art. 6, § 177A; *see also **Miss. Comm'n on Judicial Performance v. Vess**,* 227 So. 3d 952, 956 (Miss. 2017). As the ultimate decision-maker in judicial performance cases, we conduct an independent review of the record. ***Miss. Comm'n on Judicial Performance v. Thompson***, 80 So. 3d 86, 88 (Miss. 2012). While we carefully consider the Commission's findings and recommendations, we are not bound by them and may impose lesser or more severe sanctions. ***Miss. Comm'n on Judicial Performance v. Osborne***, 16 So. 3d 16, 19 (Miss. 2009). This is true even when the Commission and judge enter into a joint recommendation. ***Miss. Comm'n on Judicial Performance v. Sanford***, 941 So. 2d 209, 217-18 (Miss. 2006). In short, our task is to determine if the judge committed misconduct and, if so, to decide on an appropriate sanction.

## I. Misconduct

¶5. Judge Burton acknowledged and agreed that rescinding an arrest warrant, signed by another judge in a matter in which he was a party, prejudiced the administration of justice and brought the judicial office into disrepute. And he acknowledged and agreed that his actions violated Canons 1, 2A, 2B, 3B(1), 3B(2), and 3E(1) of the Code of Judicial Conduct of Mississippi and Mississippi Code Section 97-11-1.[1]

---

[1] Canon 1 of the Code of Judicial Conduct provides, in relevant part, that "[a] judge should participate in establishing, maintaining, and enforcing high standards of conduct, and shall personally observe those standards so that the integrity and independence of the judiciary will be preserved."

Canon 2A of the Code of Judicial Conduct provides that "[a] judge shall respect and comply with the law and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary."

¶6.     This Court has found willful misconduct when a judge interfered in matters before another judge. *See Thompson*, 80 So. 3d at 92. Willful misconduct may also exist when a judge has a clear conflict of interest, but still remains involved in the case. *See Miss. Comm'n on Judicial Performance v. Bowen*, 123 So. 3d 381, 384-85 (Miss. 2013); *see also Miss. Comm'n on Judicial Performance v. Hartzog*, 32 So. 3d 1188, 1193-94 (Miss. 2010).

¶7.     Judge Burton interfered with an arrest warrant that another judge had issued. Judge Burton was also a party in that matter. Both he and the Commission agreed his willful misconduct prejudiced the administration of justice and brought the judicial office into disrepute. We find Judge Burton committed willful misconduct.

---

Canon 2B of the Code of Judicial Conduct provides, in relevant part, that "[j]udges shall not allow their family, social, or other relationships to influence the judges' judicial conduct or judgment."

Canon 3B(1) of the Code of Judicial Conduct provides that "[a] judge shall hear and decide all assigned matters within the judge's jurisdiction except those in which disqualification is required."

Canon 3B(2) of the Code of Judicial Conduct provides, in relevant part, that "[a] judge shall be faithful to the law and maintain professional competence in it."

Canon 3E(1) of the Code of Judicial Conduct provides, in relevant part, that "[j]udges should disqualify themselves in proceedings in which their impartiality might be questioned . . . where . . . the judge . . . is a party to the proceeding . . . ."

Mississippi Code Section 97-11-1 states that:

> If any clerk of any court, or public officer or any other person, shall wittingly make any false entry, or erase any work or letter, or change any record belonging to any court or public office, whether in his keeping or not, he shall, on conviction thereof, be imprisoned in the penitentiary for a term not exceeding ten years, and be liable to the action of the party aggrieved.

Miss. Code Ann. § 97-11-1 (Rev. 2014).

4

**II.     Sanctions**

¶8.     This Court considers the following six factors when deciding an appropriate, proportionate sanction:

> (1) the length and character of the judge's public service; (2) whether there is any prior caselaw on point; (3) the magnitude of the offense and the harm suffered; (4) whether the conduct was willful, intended to deprive the public of assets, or if it exploited the judge's position; (5) whether the conduct was willful, intended to deprive the public of assets, or if it exploited the judge's position; and (6) the presence or absence of mitigating or aggravating factors.

*Vess*, 227 So. 3d at 956-57 (quoting *Miss. Comm'n on Judicial Performance v. Thompson*, 169 So. 3d 857, 869 (Miss. 2015)).

### 1.     Public Service

¶9.     Judge Burton has served as a justice court judge for Coahoma County for the past twenty-seven years.  This is his first disciplinary matter in his almost three decades in office.

### 2.     Prior Caselaw

¶10.     The Commission and Judge Burton point to the similar facts and sanctions in *Mississippi Commission on Judicial Performance v. Thompson*, 972 So. 2d 582, 584 (Miss. 2008), *overruled on other grounds by Mississippi Commission on Judicial Performance v. Boone*, 60 So. 3d 172 (Miss. 2011).  In that case, two sisters got into a fight at their grandmother's funeral.  One of them, Deborah Moody, filed charges against the other.  *Id.* While in the justice court clerk's office, Moody spoke with Judge Thompson.  He initially advised her that another judge should handle her case.  *Id.*  But while Moody sought to initiate her case with a different justice court judge—Judge Sheffield—Judge Thompson intervened and tried to discuss the warrant with Judge Sheffield before it was issued.  *Id.*

5

Judge Sheffield declined to discuss the matter with Judge Thompson and said he intended to move forward and issue the warrant. *Id.*

¶11. Afterwards, Judge Thompson instructed a deputy clerk not to issue the warrant. *Id.* at 584-85. The aggrieved Moody soon learned what Judge Thompson had done and reported these actions to Judge Sheffield. *Id.* Judge Sheffield ordered the clerk's office to issue the warrant. He also gave Moody the number for the Mississippi Commission on Judicial Performance. *Id.*

¶12. An investigation into Judge Thompson's alleged misconduct was initiated. And the Commission and Judge Thompson entered an agreed statement of facts and proposed recommendation, which they submitted to this Court. *Id.* at 585. The Commission recommended Judge Thompson be publicly reprimanded and fined $100. *Id.* After review, this Court agreed with the Commission's recommendations and ordered Judge Thompson to be publicly reprimanded and fined $100. *Id.*

¶13. *Thompson* is somewhat similar to this case. Both *Thompson* and this matter deal with a justice court judge's interfering with issuing warrants. Although the warrant in *Thompson* was issued and resulted in Moody's sister's arrest, here, Judge Burton's misconduct resulted in a warrant not being issued. Instead, he meddled in a case involving his own interests and gave an order he should not have given. However, these cases are close enough in context to say the Commission's recommended sanction of a public reprimand and a $500 fine—an increased fine from that in *Thompson*—is supported.

        3.     *Magnitude of the Offense and Harm Suffered*

6

¶14.   Judge Burton's situation is unusual.  He is both the complainant who filed an affidavit supporting an arrest warrant *and* the judge whose interference kept the warrant from being executed.  Still, as this Court has pointed out many times, the justice courts are the public's main—if not only—contact with the judicial system and if justice court judges do not act professionally, the public will not understand or respect the legal process.  *See **Miss. Comm'n on Judicial Performance v. Bustin***, 71 So. 3d 598, 604-05 (Miss. 2011).

¶15.   When legal disputes arise, the public must have confidence they will be decided by an impartial jurist.  By acting in an official capacity in a case in which he was a party and had a conflicting interest, Judge Burton acted improperly.  Such conduct erodes the public perception of the judiciary.  Judge Burton could have simply withdrawn his complaint, rather than using his judicial position to snuff out the arrest warrant.  And in addition to the judicial canons, Judge Burton agreed he violated Mississippi Code Section 97-11-1, which prohibits falsifying or erasing public records.

### 4.    Pattern of Misconduct

¶16.   Judge Burton has no prior disciplinary history before the Commission.  And the Commission emphasizes this was an isolated incident in Judge Burton's twenty-seven-year service as a justice court judge.

### 5.    Extent of Willful Misconduct, Deprivation of Public Assets, or Exploitation of Position

¶17.   This Court measures the appropriate sanction by examining the extent to which the judge's misconduct was willful.  We also consider how the judge exploited his or her position to satisfy personal desires or whether the misconduct was intended to deprive the

7

public of assets. *See* **Miss. Comm'n on Judicial Performance v. Skinner**, 119 So. 3d 294, 306-07 (Miss. 2013). When considering the extent of Judge Burton's misconduct, this Court must decide if he "'acted in bad faith, good faith, intentionally, knowingly, or negligently.'" **Thompson**, 169 So. 3d at 872 (quoting **Miss. Comm'n on Judicial Performance v. Harris**, 131 So. 3d 1137, 1146 (Miss. 2013)). Judge Burton did not deprive the public of any assets. But, as the Commission points out, he willfully used his position for personal reasons. *See* **Vess**, 227 So. 3d at 957. As the Commission put it, rather than "follow[] the procedure that all other affiants are forced to follow when they no longer want to prosecute their criminal matters . . . ," Judge Burton, in his capacity as a judge, ordered the clerk's office to rescind Burt's arrest warrant. Again, had Judge Burton acted in his capacity as complainant and withdrawn his affidavit, this matter would not be before us. But he did not. Instead, he exploited his office for personal reasons in a case in which he was a party.

### 6.  *Mitigating or Aggravating Factors*

¶18.  The record shows no aggravating factors. And when a judge has recognized his or her errors, this Court considers that recognition a mitigating circumstance. *See* **Vess**, 227 So. 3d at 957-58. This Court also considers Judge Burton's full cooperation with the Commission, length of service, absence of prior misconduct, and admission of his misconduct as mitigating factors.

### Conclusion

¶19.  Judge Burton violated Canons 1, 2A, 2B, 3B(1), 3B(2), and 3E(1) of the Code of Judicial Conduct of Mississippi and Mississippi Code Section 97-11-1. His conduct was

8

willful and prejudicial to the administration of justice and brought the judicial office into disrepute. But given this was Judge Burton's first disciplinary matter in his twenty-seven-year service and given his full admission and cooperation with the Commission, this Court agrees with the Commission's recommendation to publicly reprimand Judge Burton and to fine him $500.

¶20. **JUSTICE COURT JUDGE JESSE BURTON SHALL BE PUBLICLY REPRIMANDED IN OPEN COURT BY THE PRESIDING JUDGE ON THE FIRST DAY OF THE NEXT TERM OF THE CIRCUIT COURT OF COAHOMA COUNTY IN WHICH A JURY VENIRE IS PRESENT, WITH JUDGE BURTON PRESENT, FOLLOWING THE ISSUANCE OF THE MANDATE OF THIS COURT. JUSTICE COURT JUDGE JESSE BURTON SHALL BE FINED $500.**

**RANDOLPH, C.J., KITCHENS AND KING, P.JJ., COLEMAN, BEAM, CHAMBERLIN, ISHEE AND GRIFFIS, JJ., CONCUR.**